Gc16tucc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                              16 CR 91(PKC)

SCOTT TUCKER and TIMOTHY MUIR,

           Defendants.

------------------------------x

                               New York, N.Y.
                               December 1, 2016
                               2:10 p.m.

Before:

              HON. KEVIN P. CASTEL,

                          District Judge

                APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
NIKETH V. VELAMOOR
HAGAN C. SCOTTEN
SAGAR RAVI
    Assistant United States Attorneys

BRAFMAN & ASSOCIATES, P.C.
    Attorneys for Defendant Muir
MARC A. AGNIFILO

STAMPUR & ROTH
    Attorneys for Defendant Tucker
NADJIA LIMANI
JAMES ROTH

1           (In open court; case called)

2           MR. VELAMOOR:  Good afternoon, your Honor.  Nick
3 Velamoor for the government, joined at counsel by Hagan Scotten
4 and Sagar Ravi.

5           THE COURT:  Good afternoon to you all.

6           For the defendants.

7           MR. ROTH:  Good afternoon.  James Roth on behalf of
8 Mr. Tucker.  We apologize for his appearance in terms of his
9 dress.  We happened to be in town when we got indicted.

10           MS. LIMANI:  Nadjia Limani also for Scott Tucker.

11           MR. AGNIFILO:  Marc Agnifilo for Timothy Muir.

12           Thank you for seeing us on short notice, Judge.

13           THE COURT:  I understand there has been a superseding
14 indictment filed in this case.

15           First of all, let me inquire of counsel for
16 Mr. Tucker.  Has Mr. Tucker received and reviewed the
17 superseding indictment in this case?

18           MR. ROTH:  Yes, your Honor.  Fortunately some of us
19 were here this morning and reviewed it with him.  We're
20 prepared to go forward with the arraignment and waive its
21 reading.

22           THE COURT:  Mr. Tucker, how do you plead to the
23 superseding indictment, guilty or not guilty?

24           DEFENDANT TUCKER:  Not guilty, your Honor.

25           THE COURT:  Let me address Mr. Muir's counsel.  Has he

Gc16tucc

received and reviewed and discussed with you the superseding indictment in this case?

MR. AGNIFILO:  Yes, your Honor.

THE COURT:  Is there an application to waive the public reading?

MR. AGNIFILO:  Yes, your Honor.

THE COURT:  How do you plead to the superseding indictment, Mr. Muir?

DEFENDANT MUIR:  Not guilty, your Honor.

THE COURT:  Let me hear from the government.  What should I know about the superseding indictment and the variance from the original indictment returned by the grand jury?

MR. VELAMOOR:  Yes, your Honor.  The original indictment as the Court may recall included RICO counts for lending at rates that are illegal under state law, more than twice that is allowed under state law, as well as Truth In Lending Act counts for false Truth In Lending Act disclosures made to consumers.

The new indictment includes all those same charges and adds additional charges.  The new charges are wire fraud charges and conspiracy to commit wire fraud charges.

THE COURT:  Arising from the same actions?

MR. VELAMOOR:  Exactly form the same false disclosures and also false statements to consumers about the nature of the tribal relationship to these lending companies.  Those

statements have been a part of the original discovery and part of the case and defense counsel are well aware of those.  The new indictment also includes money laundering charges again for promotion and concealment of money laundering.  The concealment money laundering again relates to the same tribal relationship and to the extent that the tribal relationship was a way in which the defendants concealed Mr. Muir and Mr. Tucker's ownership which was discussed in the original indictment.  The promotion money laundering count relates to the use of the proceeds of the wire fraud to further the business to extend additional loans, to fund the advertising for additional loans.  So those are essentially the differences between the new indictment and the old.

         THE COURT:  What additional discovery do you anticipate producing as a result of the superseding indictment, if any?

         MR. VELAMOOR:  I don't believe we intend to produce any additional discovery as a result of the superseding indictment.  Our view is this indictment is based largely, if not entirely, on discovery already produced.  The Court may recall that we discussed this may be coming several months ago.  However, we do know we're under ongoing discovery obligations.  So we do expect there is going to be additional discovery going forward up to the trial as there are in cases like this routinely.  The defendants have had most, if not all, of the

1   discovery relevant to all these charges since the discovery was
2   made several months ago.
3              THE COURT:  We have a trial date in this case of
4   April 17th.
5              Is there anything further from the government's
6   standpoint that you ask that I address today?
7              MR. VELAMOOR:  Just that in light of the new
8   indictment that we restart the speedy trial clock so we ask the
9   Court to exclude time through April 17th, which the Court has
10  already done in connection with the original indictment, but we
11  ask the Court to do that again in connection with the
12  superseding indictment.
13             THE COURT:  Any objection from the defendants?
14             MR. AGNIFILO:  No, your Honor.
15             MR. ROTH:  No, your Honor.
16             THE COURT:  I find that the ends of justice will be
17  served by granting a continuance through April 17 and that the
18  need for a continuance outweighs the best interest of the
19  public and the defendant in a speedy trial.  The reasons for my
20  finding are that the time is needed for the parties to prepare
21  for trial now on the superseding indictment and to undertake
22  the task, which I previously directed to the parties to engage
23  in, and accordingly the time between today and April 17th is
24  excluded under the Speedy Trial Act.
25             Anything further from the government?

1    MR. VELAMOOR:  Nothing from the government, your
2 Honor.
3    THE COURT:  Anything further from either of the
4 defendants?
5    MR. ROTH:  Yes, Judge.  Obviously we just got the
6 indictment this morning.  We have not had a chance to --
7 although, we reviewed it with our clients, we certainly haven't
8 had an opportunity to study it carefully, one, to know whether
9 or not additional motions give rise by virtue of the indictment
10 itself.  We would propose, your Honor, that we notify the Court
11 within two weeks as to whether or not we feel additional
12 motions are necessary to address the new charges in the
13 superseding indictment and set a motion schedule at that
14 juncture.
15    We're also, Judge, I would say not ready to commit
16 that we would be able to make that trial schedule at this point
17 but within two weeks we can advise the Court.  As you may
18 recall, I for one -- Mr. Tucker's team is a new team on this
19 case and we're dealing with approximately 10 million documents
20 in this case.  While it is true we had them, we were looking at
21 them and trying to catch up and looking through them in
22 preparation for trial with a different set of eyes than we will
23 now look at them with.  Certainly we'll have to engage a
24 forensic accountant by virtue of the money laundering charge,
25 but we're prepared -- we're not saying at this juncture that

Case 1:16-cr-00091-PKC   Document 121   Filed 01/03/17   Page 7 of 8      7
Gc16tucc

1    we're not ready to meet that trial date, but in two weeks we'll
2    be prepared to come back and advise you in writing whether we
3    think there are issues that will prevent us from being able to
4    proceed at that schedule.
5             THE COURT:  Well, I am not going to rule on a motion
6    that hasn't been made, but I don't presently anticipate based
7    on what I've learned about the superseding indictment and the
8    discovery moving the trial date.  So you're welcome to consider
9    what motions you wish to make and you can advise me in writing
10   by December 15th.  If you do intend to make a motion or desire
11   to make a motion, you should pick up the phone and call the
12   government and see whether or not you can agree on a schedule
13   on the motion.
14            MR. ROTH:  That's more than acceptable, your Honor.  I
15   will note we still have an outstanding motion, that is Mr.
16   Tucker does, with respect to a bill of particulars and maybe
17   the government can obviate the need for us making a bill of
18   particulars with respect to the new superseder if they gave us
19   a rebut response as to the charges and the actual allegations
20   supporting them.
21            THE COURT:  I agree that bill of particular issues are
22   often resolvable by discussion with the other side and it may
23   be that you and the government can come to some accommodation
24   in that regard.  So that is a smart thing to do, to have a
25   discussion.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Gc16tucc

1          MR. ROTH:  Thank you.  Have a good holiday.
2          THE COURT:  Same to all.
3                            o0o

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300