**FREEMAN, NOOTER & GINSBERG**
ATTORNEYS AT LAW

**MEMO ENDORSED**

LOUIS M. FREEMAN
THOMAS H. NOOTER*
LEE A. GINSBERG

NADJIA LIMANI
OF COUNSEL

CHARLENE RAMOS
OFFICE MANAGER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/17

75 MAIDEN LANE
SUITE 503
NEW YORK, N.Y. 10038

(212) 608-0808
TELECOPIER (212) 962-9696

February 17, 2017

*The government is directed to respond by March 7, 2017.*
*SO ORDERED*
*[signature] USDJ*
*2-27-17*

BY ECF
Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States v. Scott Tucker and Timothy Muir**
16 Cr. 91 (PKC)

Dear Judge Castel:

Defense counsel in the above entitled matter is in receipt of the Court's Order regarding our requests for various so-ordered Rule 17(c) subpoenas. The court denied our requests on a number of grounds and I would like to address those grounds and amplify our reasons for the request. First, while the Court notes our cover letter with the subpoena was dated February 9, 2017 but not received until some substantial time later, the letter and the subpoenas were delivered by hand and received in the proscribed manner by the court security officers at the Worth Street entrance to the courthouse on February 10, 2016. I cannot explain the delay in having those materials transmitted to your Chambers and apologize for the appearance of untimeliness.

As to the substantive reasons for the requests to the Court to so order the subpoenas, we believe they are anything but a fishing expedition. As the Court is aware and referenced in the recent order denying our request for an adjournment of the trial date, the new Tucker defense team was put together over a period of time beginning no earlier than June of 2016. Some of us were formally added at a later date but all of us have been diligently working to understand the discovery material, the nature and theory of the charges and prepare a defense. To that end we began by surveying the financial and corporate materials already identified by prior counsel and either in our possession or easily retrievable by us. While we did locate some materials in the discovery produced by the Government, the vast majority of materials relating to both the financial and business aspects of the payday lending entities, which were owned by tribally

chartered corporations, are not readily available to us. For example, we do not have any financial statements or loan database files for the payday lending entities owned by the Miami Tribe, which includes Advantage Cash Services, Ameriloan, Star Cash Processing, United Cash Loans or US FastCash. In addition, AMG Services Inc. was the servicer for all of the payday lending entities and its business records are also controlled by the Miami Tribe.

After making our initial assessments of the discovery material and once the Government filed its superseding indictment, it became clear to us, with the recent help of our forensic accountants, that it was critical for us to have all financial documents going back to the inception of the tribal payday lending business, charged as a racketeering enterprise in the indictment. Our requests arise from the government's theory of the case and our intention to pursue a defense that the financial/business records will demonstrate that the tribes owned and controlled the payday lending entities. Once we and our forensic CPA have all of these records, we will be able to demonstrate what funds were put into the various operations, the funds coming out of the operations and the control exercised by the tribes versus the control exercised by our client.

As the tribes have control of their own records at the present and, at least one tribe (the Miami Tribe of Oklahoma) has reached a non-prosecution agreement with the Government in which they were permitted to keep approximately $140 million dollars, we have been unable to obtain these documents from the tribes and certainly their banks will not turn the material over to us absent a subpoena.

Therefore, in order to do the proper forensics analysis, which can explain ownership and control through accounting methods, we need to have the original source materials. We will have the potential for a flawed analysis or no ability to conduct an analysis at all. Therefore, if we are unable to obtain these records, the defense will be severely hampered and limited by essentially removing our ability to use that method to defend against the RICO, wire fraud and money laundering aspects of the case. Accordingly, our defenses would be limited to good faith, advice of counsel and lack of intent but we would not have the substantial support of a financial analysis prepared by our forensic accountant to support those arguments and to counter the likely arguments of the government.

It is our view that the financial records are relevant and admissible, particularly within the context of an expert witness to show the control of the money and demonstrate that the tribes were the lenders. The documents, as stated above, are not procurable through any other means. We cannot properly and effectively prepare for trial without these documents as the failure to have this material would eliminate a substantial defense to the charges. Finally, we know the records exist, we know that they were prepared during the time of the charged conspiracy and we have a good faith reason to believe that they would show the flow of the money and lead to conclusions or arguments favorable to the defense about the true lenders. Simply put, while we know all of this, without the documents we will be unable to demonstrate it to a jury in a proper fashion and we will be without the assistance of an expert to explain what the information shows about the various entities. This would otherwise be a critical component at trial as to the control and ownership defense theory.

Therefore, we respectfully request that Your Honor reconsider your ruling of February 16, 2017 and, if the court deems appropriate, we request an *ex parte* appearance to answer any questions the Court may have or further explain any arguments.

Respectfully Submitted,

/s/ Lee A. Ginsberg
Lee A. Ginsberg