```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                               16 Cr. 91 (PKC)

         -against-                             MEMORANDUM AND ORDER

SCOTT TUCKER and TIMOTHY MUIR,

         Defendants.
-----------------------------------------------------------x
```
CASTEL, U.S.D.J.

        Defendants Scott Tucker and Timothy Muir were tried and convicted on all 14 counts of the indictment for crimes relating the operation of several payday loan businesses. Crystal Grote testified as a cooperator at the trial of Tucker and Muir and had entered a plea of guilty before this Court to an information charging her with making false statements in a deposition before the Federal Trade Commission ("FTC"). (Minute Entry, Aug. 29, 2017.) Presently, there are no open counts against any defendant.

        The government now renews its "application for an order finding that the crime fraud exception applies to all documents and communications relating to the preparation of Crystal Grote for her deposition by the [FTC] on or about August 28, 2013." In denying without prejudice the government's initial application, the Court wrote "In what context do you ask this Court to adjudicate the question? The Court is not accustomed to deciding questions in the abstract without notice to persons who may be affected." (Order of Nov. 28, 2017; Doc 313.)

        The government now writes advising that it "has spoken with all parties it could identify who may be able to assert an attorney-client privilege with respect to the document and communications sought." (Ltr., Dec. 5, 2017; Doc 314.) Two entities, according to the

government, assert that the crime-fraud exception does not apply to the communications; in essence, they oppose the application. Another entity indicated that it did not waive its privilege but "will not" oppose the government's application. Tucker and Muir advised the government that they do not believe that they have any applicable privilege. The position of Ms. Grote is not stated, although, perhaps, the government assumes that the Court would not expect her to oppose the application because she is a cooperator. No mention is made of any conversation with the custodian of the documents, who, presumably, is the attorney who prepared Ms. Grote for her deposition; that said, the Court is mindful that the privilege at issue belongs to the clients and not to the attorney.

Missing from the government's renewed application is any statement of the context in which it seeks the adjudication. No claim is made that a subpoena has been served and a privilege objection asserted. No claim is made that the unidentified communications are needed to rebut some contention made or expected to be made by Ms. Grote, the government's cooperator, in the context of her sentencing by this Court. If the documents or testimony are for use in some grand jury matter, the grand jury has a recognized procedure available to it: serve a subpoena and, if a motion to quash is made on the grounds of the attorney-client privilege, then raise the crime-fraud exception before the judge presiding over the grand jury matter. If the documents or testimony are for use in some civil proceeding, then the judge presiding in that proceeding has the power to rule in the context of a motion to compel under Rule 37, Fed. R. Civ. P.

The government emphasizes in its November 28 and December 5 submissions that the evidence before this Court supports a finding that there is probable cause to believe that

3

privileged communications surrounding the preparation of Grote for her FTC deposition were in furtherance of the crime to which she pleaded guilty. *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984)(standard for crime-fraud exception.) In the context of the government's pretrial demand for documents in this case, the Court found the crime-fraud exception applicable to documents in the possession of a law firm relating to a sham lawsuit. *United States v. Tucker*, 254 F. Supp. 3d 620 (S.D.N.Y. 2017). But neither the relative ease with which this Court could make the requested finding nor the government's satisfaction with the prior ruling supplies this Court with jurisdiction to grant the present application.

The question presented on the government's application has not been shown to arise in the context of any case or controversy over which this Court has jurisdiction. Also, in the absence of a context, the application presents an abstract and hypothetical question. Accordingly, the government's application is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 6, 2017