UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                              :
UNITED STATES OF AMERICA,                     :   SPIRITJETS LLC'S MEMORANDUM
                                              :   OF LAW IN SUPPORT OF ITS
         v                                    :   PETITION FOR A HEARING TO
                                              :   ADJUDICATE INTEREST IN
SCOTT TUCKER,                                 :   FORFEITED PROPERTY PURSUANT
                                              :   TO TITLE 21, UNITED STATES
              Defendant                       :   CODE, SECTION 853(N).
                                              :
                                              :   S1 16 Cr. 091 (PKC)
                                              :
---------------------------------------------------------------- x

COMES NOW SpiritJets LLC, by and through its attorneys Armstrong Teasdale LLP, and for its Memorandum of Law in support of its Petition for Hearing to Adjudicate Interest in Forfeited Property Pursuant to Title 21, United States Code, Section 853(n), states as follows:

## INTRODUCTION

SpiritJets LLC operates a charter airline service at Spirit of St. Louis Airport in St. Louis County, Missouri, providing services to and maintaining various business aircraft. On August 26, 2009, SpiritJets LLC entered into an Aircraft Dry Lease and Management Agreement (the "agreement") with ST Capital and Scott Tucker ("Tucker") relating to the 1994 Learjet Model 60, serial No. 048, registration no. N551ST (the "aircraft"). *See* Petition, Exhibit A. Upon information and belief, ST Capital, LLC was a wholly owned company of Scott Tucker.

Pursuant to the agreement, from December 1, 2015 through April 20, 2016 SpiritJets LLC provided services and materials to the aircraft. Tucker failed to pay for these services. The total amount of the unpaid invoices (after a reduction in SpiritJet LLC's loss via independent settlement with Pratt & Whitney) is One Hundred Thousand Three Hundred Ninety and 33/100 Dollars ($100,390.33). *See* Petition, Exhibit B.

On April 20, 2016 SpiritJets LLC terminated the agreement due to material breaches by Tucker, to include failing to maintain insurance required for the aircraft and failure to pay amounts within ten (10) days of the date such payment is due. *See* Petition, Exhibit C. Pursuant to the agreement, upon early termination Tucker is liable to SpiritJets LLC for "60 days of the Operator's Management Fee that would have been payable had this Agreement not been so terminated." *See* Petition, Exhibit A, *Para. 10.03*. At Twenty Three Thousand Three Hundred Thirty Three and 34/100 Dollars ($23,333.34) per month Mr. Tucker is liable to SpiritJets LLC for an additional Forty Six Thousand Six Hundred Sixty Six and 60/100 Dollars ($46,666.68) due to the early termination of the contract. *See* Petition, Exhibit A, *Schedule A*)

SpiritJets LLC complied with Missouri law to perfect its mechanic's lien in August 2016. SpiritsJets LLC filed a Notice of Lien on August 17, 2016 in St. Louis County, Missouri, where the services on the aircraft were provided. SpiritJets LLC also filed a Notice of Lien with the Federal Aviation Administration, which was recorded on September 27, 2016. On November 30, 2016 Tucker was indicted by the United States on various criminal charges.

Pursuant to the agreement, if "any legal action is instituted" for "the purpose of enforcing any term or provision of this Agreement," the prevailing party is "entitled to recovery of reasonable attorney's fees and expenses, and actual costs incurred therein." *See* Petition, Exhibit A, *Para. 12.04*. From 2016 through June 30, 2018 SpiritJets LLC incurred an additional Twenty Thousand Four Hundred Fifty Nine and 09/100 Dollars ($20,459.09) in attorneys' fees, costs and administrative expenses also relating to enforcing the terms and provisions of the agreement. These fees and costs are collectible pursuant to the agreement. Also, SpiritJets LLC is entitled to its attorneys' fees and costs in bringing this action.

Upon information and belief, SpiritJets LLC's lien is superior to the interest of the United States. Also, SpiritJets LLC is a "bona fide purchaser for value of the ... interest in the property"

2

who, at the time of the purchase (i.e. start of the lien) had no reason to believe the property was subject to forfeiture under this section.

Therefore, SpiritJets LLC requests that this Court grant SpiritJets LLC's Petition and order that SpiritJets LLC be paid an amount equal to One Hundred Sixty Seven Thousand Five Hundred Sixteen and 01/100 Dollars ($167,516.10) from the substitute res for full settlement of its mechanic's lien and an amount from the substitute res for its attorneys' fees and costs.

## LEGAL ANALYSIS

As the holder of a lien SpiritJets LLC has standing to assert a third-party interest in forfeited property. *United States v. Timley*, 507 F.3d 1125, 1131 (8th Cir. 2007).

SpiritJets can show, by a preponderance of the evidence, both A) that it has a superior interest to the government and B) that SpiritJets LLC is a "bona fide purchaser for value" of the "right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. §853(n)(6)(A) and (B). Either ground would justify this Court to amend the order of forfeiture and reimburse SpiritJets LLC for the total amount of its lien, plus costs and attorneys' fees, from the substitute res generated from the sale of the aircraft.

SpiritJets LLC's interest in the aircraft is a Missouri mechanic's lien. A mechanic's lien in Missouri is the creature of statute and allows for the assertion of a lien against an aircraft. R.S. Mo. § 430.082.

> Every person expending labor, services, skill or material upon any … aircraft, or part or equipment of an aircraft, at a written request of its owner, authorized agent of the owner, or person in lawful possession thereof, …shall, where the maximum amount to be charged for labor, services, skill or material has been stated as part of the written request … have a lien upon the chattel beginning upon the date of commencement of the expenditure of labor, services, skill, materials or storage for the actual value of all the expenditure of labor, services, skill, materials or storage until the possession of that chattel is voluntarily relinquished to the owner, authorized agent, or one entitled to possession thereof.

*Id.* The process for the assertion of the lien is also described in the statute:

> The person furnishing labor, services, skill or material upon an aircraft or part or equipment thereof, may retain the lien after surrendering possession of the aircraft or part or equipment thereof, by filing a statement in the office of the county recorder of the county where the owner of the aircraft or part or equipment thereof, resides, if known to the claimant, and in the office of the county recorder of the county where the claimant performed the services. Such statement shall be filed within one hundred eighty days after surrendering possession of the aircraft or part or equipment thereof and shall state the claimant's name and address, the items on account, the name of the owner and a description of the property, and shall not bind a bona fide purchaser unless the lien has also been filed with the Federal Aviation Administration Aircraft Registry.

*Id.*

Here, SpiritJets LLC has complied with the statute and has a valid lien on the aircraft. First, it performed services on the aircraft as evidenced by the AR Bill and Invoices. *See* Petition, Exhibit B. Additional costs were incurred pursuant to the service agreement on this aircraft due to Tucker's various breaches, early termination, and legal actions associated therewith. *See* Petition, Exhibits B and C. These services and additional costs were performed and incurred pursuant to a written acknowledgment that had previously affirmed the amounts charged were acceptable to Tucker. *See* Petition, Exhibit A. Finally, SpiritJets LLC filed a notice of lien in the county where the work was performed (St. Louis County) within 180 days of surrendering possession of the aircraft. *See* Petition, Exhibit D. SpiritJets LLC was unable to verify a Missouri county of residence for ST Capital LLC and as such there was no requirement to file with any other Missouri county recorder's office. The lien notice states the claimant's name and address, the items on account, the name of the owner, and a description of the property. The lien was also filed and recorded with the Federal Aviation Administration Aircraft Registry. *See* Petition, Exhibit E. Therefore, SpiritJets LLC has a valid and perfected mechanic's lien against the aircraft as of April 20, 2016. Upon information and belief, this interest is superior to that of the United States, satisfying 21 U.S.C. §853(n)(6)(A).

SpiritJets LLC is also a "bona fide purchaser for value" pursuant to 21 U.S.C. §853(n)(6)(B). See *United States v. Watts*, 786 F.3d 152, 169 (2d Cir. 2015); *Timley*, 507 F.3d 1125. The property interest obtained by operation of a mechanic's lien is functionally identical to property interest obtained by purchase because both are acquired through the expenditure of "valuable consideration for property." *Purchaser*, Black's Law Dictionary (10th ed. 2014). Federal case law recognizes holders of liens against specific property (as opposed to general creditors) as potential "bona fide purchasers" if the lien is eventually perfected. See e.g. *Timley*, 507 F.3d 1125; *United States v. Starcher*, 883 F. Supp. 2d 1175 (M.D. Fla. 2012); *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185 (D.C. Cir. 1995). Here, SpiritJets LLC expended "valuable consideration" (services pursuant to the agreement) in return for its "property" interest (the mechanic's lien) in specific property (the aircraft). SpiritJets LLC then perfected this lien by following Missouri law and recording its lien with the FAA. SpiritJets LLC should be considered a "bona fide purchaser for value" of its property interest in the aircraft.

At the "time of purchase" (i.e. at the time SpiritJets LLC's mechanics lien on the aircraft began) SpiritJets LLC was "reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. §853(n)(6)(B). In Missouri, mechanic's liens exist "beginning upon the date of commencement of the expenditure of labor, services, skill, materials or storage." R.S. Mo. § 430.082. SpiritJets LLC therefore acquired its lien against the aircraft on December 1, 2015, well before it had any indication the aircraft was subject to potential forfeiture. It was not until February 10, 2016 that SpiritJets LLC received its first notice of a potential forfeiture. *See* Petition, Exhibit F.[1]

---

[1] Even after it received the restraining order on February 10, 2016, SpiritJets LLC was contractually obligated to continue to expend materials and service on the airplane pursuant to the previously existing agreement with ST Capital and Tucker. This obligation only ceased on April 20, 2016, when SpiritJets LLC terminated the agreement for cause.

5

Although SpiritJets LLC's lien began on December 1, 2015 it includes "the actual value of all the expenditure of labor, services, skill, materials or storage until the possession of that chattel is voluntarily relinquished to the owner, authorized agent, or one entitled to possession thereof." R.S. Mo. § 430.082. This is the peculiar nature of a mechanic's lien - it exists on the first date of service but eventually includes the full extent of the services. Therefore, SpiritJets LLC's mechanic's lien includes the total value of services from December 1, 2015 through April 20, 2016. R.S. Mo. § 430.082.

The total amount of SpiritJets LLC's lien is One Hundred Sixty Seven Thousand Five Hundred Sixteen and 01/100 Dollars ($167,516.10) which consists of One Hundred Thousand Three Hundred Ninety and 33/100 Dollars ($100,390.33) in principal from the total amount of the unpaid invoices (after a reduction in SpiritJet LLC's loss via independent settlement with Pratt & Whitney), Forty Six Thousand Six Hundred Sixty Six and 68/100 Dollars ($46,666.68) pursuant to the agreement due to its early termination for cause, and from 2016 through June 30, 2018 an additional Twenty Thousand Four Hundred Fifty Nine and 09/100 ($20,459.09) Dollars in attorneys' fees, costs and administrative expenses relating to enforcing the terms and provisions of the agreement.

Additionally, SpiritJets LLC has and will incur attorneys' fees in appearing before this court and preparing and filing its Petition for Hearing and this memorandum of law. SpiritJets estimates this amount to be Six Thousand and 00/100 Dollars ($6,000), which is collectible pursuant to the agreement as well as Missouri law. *See* R.S.Mo. 430.082(7). SpiritJets LLC stands ready to certify its attorneys' fees and costs incurred in this matter upon the order of this court.

## CONCLUSION

For the foregoing reasons, this Court should award SpiritJets LLC an amount of One Hundred Sixty Seven Thousand Five Hundred Sixteen and 01/100 Dollars ($167,516.10) plus attorneys' fees and costs, as compensation for its mechanics lien on the aircraft.

WHEREFORE, Petitioner SpiritJets LLC prays this honorable court grant its Petition for Hearing, enter its order in favor of SpiritJets awarding it an amount of $167,516.10, plus attorneys' fees and costs incurred herein, for its mechanic's lien against the 1994 Learjet Model 60, serial No. 048, registration no. N551ST, and for any other and further relief the court finds just and proper under the circumstances.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: /s/ David W. Braswell
David W. Braswell
Attorney for SpiritJets LLC
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070

DATED: July 18, 2018

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of July, 2018 a true and accurate copy of the foregoing was served by operation of this Court's case management/electronic case filing system on all attorneys of record.

By: _/s/ David W. Braswell_
David W. Braswell
Attorney for SpiritJets LLC