UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
UNITED STATES OF AMERICA                                       :
                                                               :         STIPULATION AND ORDER
              -v.-                                             :
                                                               :         S1 16 Cr. 91 (PKC)
SCOTT TUCKER,                                                  :
                                                               :
              Defendant.                                       :
-------------------------------------------------------------- x
                                                               :
FERRARI FINANCIAL SERVICES, INC.,                              :
                                                               :
              Petitioner.                                      :
-------------------------------------------------------------- x

WHEREAS, on or about February 8, 2016, SCOTT TUCKER ("Tucker") and TIMOTHY MUIR were charged in a nine-count Indictment, 16 Cr. 91 (PKC) (the "Indictment"), with conspiracy to collect unlawful debts, in violation of Title 18, United States Code, Section 1962(d) (Count One); collection of unlawful debts, in violation of Title 18, United States Code, Section 1962(c) (Counts Two through Four); and False Truth in Lending Act Disclosures, in violation of Title 15, United States Code, Section 1611 (Counts Five through Nine);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment seeking, pursuant to Title 18, United States Code, Section 1963, the forfeiture of a sum of United States currency equal to at least $2,000,000,000.00 and *inter alia*, the forfeiture of one 2011 Ferrari 599XX bearing VIN ZFF69PXX00070883 (the "Subject Vehicle");

WHEREAS, on or about October 13, 2017, Scott Tucker and Timothy Muir were convicted at trial on all counts in a 14-count Superseding Indictment, S1 16 Cr. 91 (PKC), which charged them with conspiracy to collect unlawful debts, in violation of Title 18, United States

Code, Section 1962(d) (Count One); collection of unlawful debts, in violation of Title 18, United States Code, Section 1962(c) (Counts Two through Four); wire fraud and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349 (Counts Five and Six); money laundering and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956 (Counts Seven through Nine); and False Truth in Lending Act Disclosures, in violation of Title 15, United States Code, Section 1611 (Counts Nine through Fourteen);

WHEREAS, on or about April 17, 2018, the Court entered an Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment forfeiting, *inter alia*, Scott Tucker's interest in the Subject Vehicle;

WHEREAS, on or about November 16, 2018, Ferrari Financial Services Inc. ("FFS") filed a petition asserting a first priority secured interest in the Subject Vehicle based upon a UCC-1 Financing Statement filing (the "Petition") (Docket Entry 369);

WHEREAS, the Government and FFS have agreed to settle its Petition without further litigation;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Government acknowledges that FFS has a first priority secured lien on the Subject Vehicle and consents to the sale of the Subject Vehicle and distribution of proceeds in accordance with the terms of this Stipulation and Order.

2. Upon the sale of the Subject Vehicle, the Internal Revenue Service (the "IRS") and/or its designee shall transfer the sum of $338,842.09 from the Net Proceeds (as defined below) from the sale of the Subject Vehicle (the "Settlement Amount") to FFS in a

manner consistent with the ACH Vendor Enrollment Form to be completed by FFS through its attorney, Cliff A. Katz, Esq. The Settlement Amount shall be payable from the Net Proceeds (as defined below) from the sale of the Subject Vehicle and shall have priority in distribution before any amounts are paid to the Government, IRS or any other party asserting an interest in the Net Proceeds from the sale of the Subject Vehicle.

3. The Net Proceeds from the sale of the Subject Vehicle shall be defined as the gross proceeds less:

   a. Auction commissions, if any;

   b. Any costs of sale, including towing and investigative charges involved in preparing for sale (including any necessary repairs), sales commission, and storage and other costs and expenses incurred by the Government or FFS to effectuate the sale; and

   c. Any costs incurred in maintaining and storing the Subject Vehicle by the Government or FFS;

4. Within 20 days after payment of the Settlement Sum to FFS, FFS shall file a UCC-3 termination of the financing statement.

5. FFS is not responsible for the payment of any costs described in paragraph 3(a), (b) or (c), which costs shall be taken from the gross proceeds of sale prior to the distribution of any proceeds from the sale to the Government or FFS.

6. Upon receipt to payment of the Settlement Sum to FFS, FFS withdraws any and all claims to the Subject Vehicle.

7. FFS is hereby barred from asserting, or assisting others in asserting, any claim against the United States of America ("USA"), the IRS, the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), or

any agents and employees of the USA, the IRS, the DOJ, or the USAO-SDNY, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Subject Vehicle, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the Subject Vehicle, that FFS is a prevailing party, or that FFS is entitled to attorney's fees or any award of interest.

8. The Government is hereby barred from asserting, or assisting others in asserting, any claim against the FFS in connection with or arising out of the storage, sale, or repossession of the Subject Vehicle.

9. FFS and the Government hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

10. Each party shall bear its own costs and attorney's fees.

11. This Stipulation and Order may be executed in counterparts, each of which shall constitute an original as against the party whose signature appears on it. All executed counterparts shall be deemed to be one and the same instrument. This Stipulation and Order shall become binding when one or more counterparts, individually or taken together, bears the signature of all parties.

12. The Court shall retain jurisdiction to enforce any terms or conditions of this Stipulation and Order.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

13. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____          July 19, 2019
    SAGAR K. RAVI                         DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2195

FERRARI FINANCIAL SERVICES, INC.

By: _____Clifford A. Katz_____   July 18, 2019
    CLIFF A. KATZ, ESQ.                   DATE
    Platzer, Swergold, Levine,
    Goldberg, Katz & Jaslow, LLP
    475 Park Avenue, South
    New York, New York 10016
    Telephone: (212) 593-3000

*Attorneys for Ferrari Financial Services, Inc.*

SO ORDERED: _____
                                          7-22-19
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK