UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                               :

UNITED STATES OF AMERICA

                               :    **PRELIMINARY ORDER OF**

        - v. -                      **FORFEITURE AS TO**

                               :    **<u>SUBSTITUTE ASSETS</u>**

SCOTT TUCKER,

                               :    S1 16 Cr. 91 (PKC)

                Defendant.

                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 30, 2016, SCOTT TUCKER (the "Defendant"), was charged in a fourteen-count Superseding Indictment, S1 16 Cr. 091 (PKC) (the "Indictment"), with conspiracy to collect unlawful debts, in violation of Title 18, United States Code, Section 1962(d) (Count One); collection of unlawful debts, in violation of Title 18, United States Code, Section 1962(c) (Counts Two through Four); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Five); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Six); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Seven); promotion money laundering, in violation of Title 18, United States Code, Sections 1956(a)(l)(A)(i) and 2 (Count Eight); concealment money laundering, in violation of Title 18, United States Code, Sections 1956(a)(l)(B)(i) and 2 (Count Nine); and with false Truth in Lending Act disclosures, in violation of Title 15, United States Code, Section 1611 and Title 18, United States Code, Section 2 (Counts Ten through Fourteen);

WHEREAS, on or about October 13, 2017, the Defendant was found guilty following a jury trial of all counts of the Indictment;

WHEREAS, on or about April 17, 2018, the Court entered an Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture") (D.E. 344), imposing a money judgment against the Defendant in the amount of $3,500,000,000.00 (the "Money Judgment"), and forfeiting, *inter alia*, all of the Defendant's right, title and interest in certain property of the Defendant (the "Specific Property");

WHEREAS, on or about February 22, 2019, the Court entered a First Final Order of Forfeiture (the "First Final Order"), forfeiting to the United States all right, title, and interest in certain assets contained in the Specific Property (the "First Final Order Property") (D.E. 376);

WHEREAS, on or about August 27, 2019, the Court entered a Second Final Order of Forfeiture (the "Second Final Order"), forfeiting to the United States all right, title, and interest in certain assets contained in the Specific Property (the "Second Final Order Property") (D.E. 412);

WHEREAS, on or about April 7, 2021, the Court entered a Third Final Order of Forfeiture as to Specific Property (the "Third Final Order"), forfeiting to the United States all right, title and interest in a certain asset contained in the Specific Property (the "Third Final Order Property") (D.E. 445);

WHEREAS, to date, $3,388,851,383.91 of the Money Judgment against the Defendant remains outstanding;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant, except for the Specific Property;

WHEREAS, the United States has identified the following specific assets in which the Defendant had an ownership interest that are currently in the possession, custody, and control of the court-appointed monitor (the "FTC Monitor") in a related civil proceeding brought against the Defendant by the Federal Trade Commission ("FTC") in *FTC v. AMG Services, Inc.*, *et al.*, 12 Civ. 536 (GMN) (VCF), in the United States District Court of Nevada (the "FTC Action"):

a. $181,315.75 in United States currency representing all rental income received by the FTC Monitor from the real property located at 269 Park Avenue, Aspen, CO 81611 (the "Aspen Property"), which was owned by Park 269, LLC and previously forfeited to the United States;

b. $53,212.97 in United States currency representing all proceeds from the sale of home furnishings and personal property of the Aspen Property received by the FTC Monitor;

c. $2,390,790 in United States currency representing all proceeds from the sale of equipment of Level 5 Motorsports, LLC received by the FTC Monitor;

d. $80,000 in United States currency representing sale proceeds from microwave generators purchased by Thermex-Thermatron, LP from Eclipse Renewables Holdings LLC which were received by the FTC Monitor;

e. $53,629.30 in United States currency received by the FTC Monitor representing all proceeds from the sale of home furnishings and personal property of 2405 W. 114th Street, Leawood, KS 66211 (the "Kansas Property"), which real property was previously forfeited to the United States;

f. $162,0000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2012 Ferrari 458, VIN# ZFF71NXX000195603, owned by Defendant;

g. $622,250 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2015 Ferrari 458 Speciale A, VIN# ZFF78VHA7F0213023, owned by Defendant;

h. $20,000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2010 Land Rover Discovery, VIN# SALAM2D44AA513614, owned by Defendant;

3

i.     $259,390.98 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2015 Ferrari 458 Speciale A, VIN# ZFF75VFA0F0208869, owned by Defendant;

j.     $47,700 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2000 ERA 427 S/C Cobra, VIN# ERA563, owned by Defendant;

k.     $44,400 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1967 Ford Shelby GT500 Replica, VIN# 7T02S299329, owned by Defendant;

l.     $15,300 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1965 Ford Shelby GT350 R Replica, VIN# 5T09T165496, owned by Defendant;

m.     $35,600 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1963 Chevrolet Corvette Sting Ray LS2 Convertible Custom, VIN# 30867S119271, owned by Defendant;

n.     $8,000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1991 California Spider Fiberglass Replica Project, VIN# CA594954, owned by Defendant;

o.     $542,998.40 in United States currency representing the sale proceeds from the real property owned by Eclipse Renewables Holdings LLC located at 11150 Applewhite Road, San Antonio, Texas, which was received by the FTC Monitor as a result of the interests of Black Creek Capital Corporation, AMG Capital Management, LLC, and Westfund LLC;

p.     $4,111.56 in United States currency representing the sale proceeds of the real property located at 442 NW 1051st Road, Centerville, Missouri 64109, which was received by the FTC Monitor as a result of a promissory note held by Black Creek Capital Corporation;

q.     $106,881.69 in United States currency representing the proceeds received by the FTC Monitor from the sale of the real property located at 100 Manning Street, Newark, Ohio, 43055 and 502 Maple Avenue, Newark, Ohio 43055, a recycling plant located in Licking County, Ohio, representing EVAS Investment LLC's interest;

r. $3,509.05 in United States currency representing returned legal fees received by the FTC Monitor from Matt Dykstra, Esq. related to Defendant's estate planning;

s. $103,138.20 received by the FTC Monitor and formerly on deposit in Country Club Bank Account Number x8282 in the name of Park 269 LLC, which held rental income from the Aspen Property;

t. $3,227 formerly on deposit in Evolve Bank & Trust Account Number 1012699524 held in the name of Westfund LLC received by the FTC Monitor;

u. $8,092.46 formerly on deposit in Evolve Bank & Trust Account Number 1012699540 held in the name of Black Creek Capital, LLC received by the FTC Monitor;

v. $25,000 formerly on deposit in Evolve Bank & Trust Account Number 1012699532 held in the name of BA Services, LLC received by the FTC Monitor;

w. $6,707.38 formerly on deposit in Evolve Bank & Trust Account Number 1012699482 held in the name of Defendant received by the FTC Monitor;

x. $112,139.08 formerly on deposit in Waddell & Reed Account Number 36199144 held in the name of Black Creek Capital, LLC received by the FTC Monitor;

y. $177,394.36 formerly on deposit in Waddell & Reed Account Number 36198916 held in the name of Westfund LLC received by the FTC Monitor;

z. $611,330.43 formerly on deposit in Waddell & Reed Account Number 36200535 held in the name of Defendant received by the FTC Monitor;

aa. $10,600.04 formerly on deposit in Morrill & Jones Bank Account Number 996801-397-8 held in the name N.M. Service Corp. received by the FTC Monitor;

bb. $117,950.71 formerly on deposit in Morrill & Jones Bank Account Number 996803-587-6 held in the name of BA Services, LLC received by the FTC Monitor;

cc. $29,195.19 formerly on deposit in Morrill & Jones Bank Account Number 996801-396-4 held in the name of Real Estate Capital Services LLC received by the FTC Monitor;

dd. $293.93 representing funds from AMEX Travel Related Service payable to BA Services, LLC received by the FTC Monitor;

ee.  $224.00 representing funds from Tax Filing Service payable to BA Services, LLC received by the FTC Monitor;

ff.  $350 representing funds from T. Fryatt payable to Westfund LLC received by the FTC Monitor;

gg.  $37,500 representing funds from C3 Capital Partners payable to Black Creek Capital Corporation received by the FTC Monitor;

hh.  $1,500 representing funds from Orangeman Limited payable to Defendant received by the FTC Monitor;

ii.  $5.00 representing funds from the State of Wisconsin payable to Level 5 Motorsports, LLC received by the FTC Monitor;

jj.  $2,253.19 representing funds from Brian N. Ham payable to Real Estate Capital Services LLC received by the FTC Monitor;

kk.  $26,250 representing funds from German May payable to Westfund LLC received by the FTC Monitor;

ll.  $46,378.55 representing loan payments owed to Westfund LLC from eProdigy which was received by the FTC Monitor;

mm.  $64,400 representing loan payments from IV Xpress, Inc. d/b/a Infusion Express to the Defendant's Trust which were received by the FTC Monitor;

nn.  $211,464.77 representing all mortgage payments made by Anita Finney to Black Creek Capital, LLC which were received by the FTC Monitor;

oo.  $96,166.00 representing all loan payments from Team Property & Investment, LLC to Westfund LLC which were received by the FTC Monitor;

pp.  $258,101.07 representing all loan payments from Team Property & Investment, LLC to Real Estate Capital Services LLC which were received by the FTC Monitor;

qq.  $102,973.92 representing all loan payments from Team Property & Investment, LLC to Black Creek Capital Corporation which were received by the FTC Monitor;

rr.    $1,320.63 representing payments made by Ralph E. Lewis, Esq. on behalf of Francis Cooke to Real Estate Capital Services LLC which were received by the FTC Monitor;

ss.    $10,734.86 representing a medical plan refund payment from Humana to BA Services, LLC which was received by the FTC Monitor;

tt.    $3,963,426.91 representing funds received by the FTC Monitor pursuant to a settlement agreement with Glenn Fisher and 5G Capital, LLC satisfying a loan provided by Westfund LLC to 5G Capital, LLC;

uu.    $97,500 representing funds received by the FTC Monitor pursuant to a settlement agreement with Steven Lord resolving monies owed to Broadmoor Capital Partners, LLC;

vv.    $185,000 representing funds received by the FTC Monitor from Eyecare Indiana II, P.C. pursuant to a settlement agreement resolving monies owed to Broadmoor Capital Partners, LLC;

ww.    $3,100,000 representing funds received by the FTC Monitor from German May relating to monies owed to Westfund LLC;

xx.    $10,000 representing funds received by the FTC Monitor from Homeowners Realty Partners, LLC resolving a promissory note held by EVAS Investments LLC;

yy.    $255,000 representing funds received by the FTC Monitor from El Dorado Trailers, LLC resolving a Level 5 Motorsports, LLC interest in a vehicle transporter trailer;

zz.    $1,262,039.29 representing funds received by the FTC Monitor from EyeVerify, LLC relating to Defendant's interest in EyeVerify, LLC;

aaa.    $1,000,000 representing funds received by the FTC Monitor from Whamtech relating to monies owed to Black Creek Capital Corporation;

bbb.    $425,000 representing funds received by the FTC Monitor from Sunway Hotel Group, LLC pursuant to a settlement agreement resolving Westfund LLC's interest in a hotel owned by Sunway Hotel Group;

ccc.  Approximately $152,241.34 as of April 30, 2021 representing the interest accrued in the FTC Monitor's money market account ending in 6156 at Pacific Western Bank, which held the liquidated funds from assets of the Defendant;

ddd.  All right, title and interest in real property located at 3850 N. 107th Street, Kansas City, Missouri, with all improvements, appurtenances, and attachments thereon owned by Westfund LLC;

eee.  All right, title and interest in real property located between 408 East Elm and 402 East Elm, Polo, Missouri, with all improvements, appurtenances, and attachments thereon owned by Polo Real Estate Holding, LLC with the legal description of: The West Half of the Northwest Quarter of the Northeast Quarter of the Northwest Quarter of Section 27, Township 55, Range 28, Caldwell County, Missouri, less and except that part used for road purposes AND EXCEPT THE FOLLOWING DESCRIBED TRACT OF LAND: Commencing at the Northeast comer of the West Half of the Northwest Quarter of the Northeast Quarter of the Northwest Quarter of Section Twenty-seven (27), Township Fifty-five (55), Ranger Twenty-eight (28), Caldwell County, Missouri; thence West 208.71 feet; thence South 208.71 feet; thence East 208.71 feet, thence North 208.71 feet to the point of commencement;

fff.  $104,535.72 representing funds received by the FTC Monitor from Jerry Gottlieb pursuant to a settlement agreement resolving monies owed to Defendant;

ggg.  $47,629.70 formerly on deposit in Country Club Bank Account Number x8808 held in the name of Kim C. Tucker Living Trust received by the FTC Monitor;

hhh.  $39,168.70 formerly on deposit in Country Club Bank Account Number x7024 held in the name of Kim C. Tucker Living Trust received by the FTC Monitor;

iii.  All right, title and interest in real property located at 6909 W.129th Court, Overland Park, Kansas 66209 with all improvements, appurtenances, and attachments thereon held in the name of Lili G. Tucker];

jjj.  All right, title and interest in real property located at 914 W. 131st Terrace, Kansas City, Missouri 64145 with all improvements, appurtenances, and attachments thereon held in the name of Kim Tucker Living Trust; and

kkk.  John Hancock Life Insurance Company Policy No. 93073212 for the benefit of Kim Tucker in possession of the FTC Monitor.

(collectively, the "Substitute Assets").

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.      All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.      Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, to the extent the Substitute Assets are ordered released in the FTC Action or the FTC Monitor is terminated prior to entry of the Final Order of Forfeiture, the United States (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3.      Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.     The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

9. The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Assets to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

The Clerk shall terminate the Motion (DE 446).

Dated: New York, New York
May  9 , 2021

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE