UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------- X
  UNITED STATES,                 :   THIRD-PARTY PETITION OF
                                 :   PETITIONER LILI TUCKER
      Plaintiff,                 :
                                 :   Case No. S1 16 Cr. 091 (PKC)
  v.                             :
                                 :
  SCOTT TUCKER,                  :
                                 :
      Defendant.                 :
                                 :
------------------------------- :
  LILI TUCKER, et al.            :
                                 :
      Third-Party Petitioners.   :
------------------------------- X
```

     Petitioner Lili Tucker petition this Court, pursuant to Title 21, United States Code, Section 853(n) and Federal Rule of Criminal Procedure 32.2(c), to amend its Preliminary Order of Forfeiture and vacate any such order with respect to particular property in order to recognize Petitioner's interest in certain property the Government seeks to forfeit as substitute property. In support of the Petition, Petitioner states the following:

     1.     On May 24, 2021, the United States filed its Motion in Support of Its Proposed Preliminary Order of Forfeiture as to Substitute Assets (Doc. #446) (the "First POF Motion"), asking this Court to enter a preliminary order of forfeiture as to 63 separate items of property (the "First POF Items"), which it alleged to be the property of Defendant Scott Tucker ("Defendant") and, as such, to be subject to forfeiture as substitute property under 21 U.S.C. § 853(p). *See* POF Mot. (Doc. #446) at ¶ 11 (listing the First POF Items).

1

2. On June 9, 2021, this Court granted the First POF Motion, entering a preliminary order of forfeiture (the "First POF") against the First POF Items in reliance upon the Government's representations in the First POF Motion. *See* POF (Doc. #447).

3. The First POF Motion, however, falsely asserted that all of the First POF Items are the property of Scott Tucker,[1] when one of those items, the property located at 609 W. 129th Court, Overland Park, Kansas 66209 (the "House"), is in fact the property of Petitioner Lili Tucker, as described further herein.

4. Because the House is not "property of the defendant," 21 U.S.C. § 853(p)(2), it is not subject to forfeiture as substitute property and must be excluded from this Court's final order of forfeiture.

5. The First POF Motion also suffered from several additional defects that compel this Court to vacate the POF with respect to the House, including, without limitation, the following:

- the First POF Motion seeks forfeiture of the House under 21 U.S.C. § 853(p), but § 853(p) only permits the forfeiture of substitute property in cases brought under Title 21 of the United States Code;

- the First POF Motion seeks forfeiture of the House to satisfy a "money judgment" against the Defendant, but neither § 853(p) nor any other federal statute authorizes the imposition of a forfeiture "money judgment," and in any event, the Government cannot forfeit the property of third parties such as Petitioner to satisfy such a judgment; and

---

[1] Although the First POF Motion asserts that the First POF Items, including the House, are assets in which "the Defendant has an ownership interest" and the "assets of the Defendant," POF Mot. (Doc. #446) at ¶ 10, the supporting affidavit makes the more modest (and legally insufficient) claim that the First POF Items "*were* the property of the Defendant, either directly *or **indirectly*** through [various entities], or otherwise were acquired or paid for *from* assets of the Defendant," Decl. of Agent Whitten (Doc. #446-1) at ¶ 22 (emphasis added).

- the First POF Motion seeks forfeiture of property that the Government could have previously sought to have forfeited because of their connection to the Defendant's offenses, and which therefore cannot be considered "other property" under § 853(p)(2).[2]

6.  For these reasons, Petitioner Lili Tucker respectfully request that this Court vacate the First POF and order the House returned to Petitioner, its rightful owner.

7.  Pursuant to 21 U.S.C. § 853(n)(2), Petitioner Lili Tucker asserts a "legal interest" in the following First POF Item:[3]

   ddd.  All right, title and interest in real property located at 6909 W.129th Court, Overland Park, Kansas 66209 with all improvements, appurtenances, and attachments thereon held in the name of Lili G. Tucker ("the House").

8.  The nature and extent of Petitioner Lili Tucker's right, title, and interest in the House and the time and circumstances of Petitioner's acquisition thereof, *see* 21 U.S.C. § 853(n)(3), is described as follows:

- Petitioner acquired her interest in the House on or about September 27, 2019, when her grandmother, Norma Dean Tucker, as Trustee of the trust titled Norma D. Tucker Declaration of Trust Dated November 4, 2015, granted the House to Petitioner through a Quit Claim Deed, attached hereto as **Exhibit A**.

9.  These facts together establish that Petitioner has a legal right, title, and interest in the House that render the order of forfeiture invalid in part and requires the Court to vacate or amend the First POF, for each of the following, independently sufficient, alternative reasons:

- the Government lacks the statutory authority to forfeit the House as substitute property under § 21 U.S.C. § 853(p);

---

[2] These points are further elaborated in Petitioner Kim Tucker's Memorandum in Opposition to the Government's second Motion for Preliminary Order of Forfeiture (Doc. #451), which points Petitioner hereby adopts as her own.

[3] For ease of reference, this Petition preserves the lettering used to list the items referenced in the First POF. *See* POF (Doc. #447) at 3–8. Petitioner does not concede that the descriptions used by the Government to describe the First POF Items are accurate, but uses those descriptions here, again for ease of reference.

- the Government lacks the statutory authority to forfeit the House in satisfaction of a "money judgment" against the Defendant;

- Petitioners' asserted rights, title, and interests in the House are vested in Petitioner rather than the Defendant; and/or

- Petitioners' asserted rights, title, and interests in House are superior to any right, title, or interest the Defendant may have previously had.

10. Recognizing Petitioners' rights to the House is necessary to avoid violating her constitutional rights to due process and against uncompensated takings under the Fifth Amendment.

11. In addition, Petitioner asserts the following defenses to the forfeiture of the House:

a. the Government's action to obtain the forfeiture of the property is time-barred by 19 U.S.C. § 1621, or any other arguably applicable statute of limitations;

b. the Government's action is barred by the doctrine of laches; and

c. the Government's allegations fail to state a claim upon which relief can be granted.

12. The attached verification contains Petitioners' declarations, under penalty of perjury, that the facts recited within this Petition are true and correct to the best of Petitioner's knowledge, information, and belief.

WHEREFORE Petitioners prays that the Court:

(a) vacate the First POF (Doc. #447) with respect to the House;

(b) exclude the House from any final order of forfeiture this Court may issue; and

(c) order the Government to return the House to Petitioner forthwith.

        Respectfully submitted,

        BRYAN CAVE LEIGHTON
        PAISNER LLP

        */s/ Richard E. Finneran*
        RICHARD E. FINNERAN
        ANDREY SPEKTOR
        1290 Avenue of the Americas
        New York, New York 10104
        Tel: (212) 541-2000
        *richard.finneran@bryancave.com*
        *andrey.spektor@bryancave.com*

        *Attorneys for Petitioner Lili Tucker*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via operation of the Court's electronic filing system upon all attorneys of record, and that a courtesy copy was provided via email to the following:

    AUSA Sagar Ravi
    *sagar.ravi@usdoj.gov*

        */s/ Andrey Spektor*
        ANDREY SPEKTOR

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, the undersigned Petitioner, hereby declare under penalty of perjury that the facts recited in the foregoing Petition are true and correct to the best of my knowledge, information, and belief.

_____
LILI TUCKER, Petitioner