UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                                             :
UNITED STATES OF AMERICA                                     :
                                                             :   STIPULATION AND ORDER
              -v.-                                           :
                                                             :   S1 16 Cr. 91 (PKC)
SCOTT TUCKER,                                                :
                                                             :
                                                             :
              Defendant.                                     :
------------------------------------------------------------ x
                                                             :
DAVID FEINGOLD, et al.,                                      :
                                                             :
                                                             :
              Petitioner.                                    :
------------------------------------------------------------ x
                                                             :
KIM TUCKER, et. al.,                                         :
                                                             :
                                                             :
              Petitioner.                                    :
------------------------------------------------------------ x
                                                             :
PAUL C. RAY                                                  :
                                                             :
                                                             :
              Petitioner.                                    :
------------------------------------------------------------ x
```

WHEREAS, on or about November 30, 2016, SCOTT TUCKER (the "Defendant"), was charged in a fourteen-count Superseding Indictment, S1 16 Cr. 091 (PKC) (the "Indictment"), with conspiracy to collect unlawful debts, in violation of Title 18, United States Code, Section 1962(d) (Count One); collection of unlawful debts, in violation of Title 18, United States Code, Section 1962(c) (Counts Two through Four); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Five); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Six); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Seven); promotion money laundering, in violation of Title 18, United States Code, Sections 1956(a)(l)(A)(i) and 2

(Count Eight); concealment money laundering, in violation of Title 18, United States Code, Sections 1956(a)(l)(B)(i) and 2 (Count Nine); and with false Truth in Lending Act disclosures, in violation of Title 15, United States Code, Section 1611 and Title 18, United States Code, Section 2 (Counts Ten through Fourteen);

WHEREAS, on or about October 13, 2017, the Defendant was found guilty following a jury trial of all counts of the Indictment;

WHEREAS, on or about April 17, 2018, the Court entered an Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture") (D.E. 344), imposing a money judgment against the Defendant in the amount of $3,500,000,000.00 and forfeiting, *inter alia*, all of the Defendant's right, title and interest in certain property of the Defendant;

WHEREAS, on or about June 9, 2021, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Asset Order") (D.E. 447) forfeiting, *inter alia*, all right, title and interest of the Defendant in the following assets that at the time were in the possession, custody, and control of the Monitor (the "FTC Monitor") appointed in an action brought by the Federal Trade Commission ("FTC") against the Defendant, among others, captioned *FTC v. AMG Services, Inc., et al.*, 12 Civ. 536 (GMN) (VCF), in the United States District Court of Nevada (the "FTC Action"):

    a.    $106,881.69 in United States currency representing the proceeds received by the FTC Monitor from the sale of the real property located at 100 Manning Street, Newark, Ohio, 43055 and 502 Maple Avenue, Newark, Ohio 43055, a recycling plant located in Licking County, Ohio, representing EVAS Investment LLC's interest (Item Q in the Substitute Asset Order);

2

      b.      $3,100,000 representing funds received by the FTC Monitor from German May relating to monies owed to Westfund LLC (Item WW in the Substitute Asset Order);

      c.      $10,000 representing funds received by the FTC Monitor from Homeowners Realty Partners, LLC resolving a promissory note held by EVAS Investments LLC (Item XX in the Substitute Asset Order);

      d.      $1,262,039.29 representing funds received by the FTC Monitor from EyeVerify, LLC relating to Defendant's interest in EyeVerify, LLC (Item ZZ in the Substitute Asset Order); and

      e.      $104,535.72 representing funds received by the FTC Monitor from Jerry Gottlieb pursuant to a settlement agreement resolving monies owed to Defendant (Item FFF in the Substitute Asset Order)

(a. through e., collectively, the "Subject Property");

WHEREAS, David Feingold, both individually and as Trustee for the David Feingold B. Trust dated February 1996, the Chad M. Feingold Grantor Trust #2 dated November 1999, and the Erika Feingold Grantor Trust #2 dated November 1999; Dylan Jagger Investment Co.; Homeowners Realty, LLC; UMR Building, LLC, United Material Recovery, LLC and EVAS Investments, LLC (collectively, the "Feingold Petitioners") filed a Verified Petition for an Ancillary Proceeding asserting an interest in the Subject Property (the "Feingold Petition") (D.E. 464);

WHEREAS, Kim Tucker, the Defendant's former wife, and several corporate entities Kim Tucker claims to currently own (the "Kim Tucker Parties") filed third-party petitions asserting an interest in, *inter alia*, the Subject Property (collectively, the "Kim Tucker Petitions") (D.E. 450 and 463);

3

WHEREAS, Paul C. Ray, filed a Third-Party Petition asserting an interest in, *inter alia*, the Subject Property (the "Ray Petition") (D.E. 476);

WHEREAS, the total value of the Subject Property is approximately $4,583,456.70 in United States currency; and

WHEREAS, the Government, the Feingold Petitioners, the Kim Tucker Parties, and Paul C. Ray have agreed to settle the Feingold Petition and a portion of the Kim Tucker Petitions and the Ray Petition with respect to their claims of interest in the Subject Property without further litigation on the terms and conditions set forth below;

WHEREAS, on August 24, 2022, an order was issued in the FTC Action (the "Transfer Order") requiring the FTC Monitor to "[p]romptly . . . transfer all remaining funds [collected by the Monitor], after deductions for the fees and expenses approved in this Order [and] the reserve approved [therein], to the United States of America or its designee pursuant to the [Order of Forfeiture]," which includes, but is not limited to, the Subject Property;

WHEREAS the Government has subsequently received the transfer of funds contemplated by the Transfer Order (the "Funds");

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Sagar K. Ravi of counsel; the Feingold Petitioners by and through their counsel Carol Lee, Esq.; the Kim Tucker Parties and their counsel, Richard Finneran, Esq.; and Paul C. Ray, *pro se*, that:

1. The Government shall release and transfer $686,417 of the Subject Property (the "Feingold Settlement") to the Feingold Petitioners.

4

2. The Government shall release and transfer $213,822.38 (the "Kim Tucker Parties' Settlement") to Kim Tucker.

3. The Government shall release and transfer $20,000 of the Subject Property (the "Ray Settlement") to Paul C. Ray.

4. Subject to and conditioned upon the release and transfer of the Feingold Settlement, the Kim Tucker Parties' Settlement, and the Ray Settlement as set forth above, the Feingold Petitioners, the Kim Tucker Parties, and Paul C. Ray agree not to contest the United States' contention, pursuant to Title 21, United States Code, Section 853(n)(6)(A), that the Government has a superior interest in the Subject Property, with the exception of the Feingold Settlement, the Kim Tucker Parties' Settlement, and the Ray Settlement.

5. Subject to and conditioned upon the release and transfer of the Feingold Settlement as set forth above, the Feingold Settlement shall satisfy all claims contained in the Feingold Petition and the Feingold Parties hereby withdraw any remaining claims to the Subject Property or to any other property identified in the Substitute Asset Order.

6. Subject to and conditioned upon the release and transfer of the Kim Tucker Parties' Settlement as set forth above, the Kim Tucker Parties' Settlement shall satisfy all claims contained in the Kim Tucker Petitions only with respect to the Subject Property and does not preclude the Kim Tucker Parties from asserting any claims in the remaining assets identified in the Substitute Asset Order or any other assets or challenging the Substitute Assets Order with respect to the remaining assets identified in the Substitute Asset Order or in any other assets. Except as provided in this paragraph, nothing in this Stipulation and Order, including its recitals, shall be construed as a concession by the Kim Tucker Parties as to any issue that has been raised

or may be raised in this or any other proceeding, or otherwise used to the detriment of any one of them.

7.      Subject to and conditioned upon the release and transfer of the Ray Settlement as set forth above, the Ray Settlement shall satisfy all claims contained in the Ray Petition only with respect to the Subject Property and does not preclude Paul C. Ray from asserting any claims in the remaining assets identified in the Substitute Asset Order or in any other assets or challenging the Substitute Assets Order with respect to the remaining assets identified in the Substitute Asset Order or any other assets.  Except as provided in this paragraph, nothing in this Stipulation and Order, including its recitals, shall be construed as a concession by Paul C. Ray as to any issue that has been raised or may be raised in this or any other proceeding, or otherwise used to his detriment.

8.      Subject to and conditioned upon the release and transfer of the Feingold Settlement, the Kim Tucker Parties' Settlement, and the Ray Settlement as set forth above, the Feingold Petitioners, the Kim Tucker Parties, and Paul C. Ray (the "Settling Parties") are hereby barred from asserting, or assisting others in asserting, any claim against the United States of America ("USA"), the IRS, the Department of Treasury ("DOT"), the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), or any agents and employees of the USA, the IRS, the DOT, the DOJ, or the USAO-SDNY, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Subject Property, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the Subject Property, that the Settling Parties are a prevailing party with

respect to the Subject Property, or that the Settling Parties are entitled to attorney's fees or any award of interest on account of this Stipulation and Order.

9. Subject to and conditioned upon the release and transfer of the Feingold Settlement, the Kim Tucker Parties' Settlement, and the Ray Settlement as set forth above, the Settling Parties hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

10. Each party shall bear its own costs and attorney's fees with respect to this Stipulation and Order.

11. This Stipulation and Order may be executed in counterparts, each of which shall constitute an original as against the party whose signature appears on it. All executed counterparts shall be deemed to be one and the same instrument. This Stipulation and Order shall become binding when one or more counterparts, individually or taken together, bears the signature of all parties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

12. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____     10/03/2022
     SAGAR K. RAVI                                           DATE
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     (212) 637-2195

THE FEINGOLD PETITIONERS

By: _____     _____
     DAVID FEINGOLD                                      DATE
     Petitioner, Individually and on behalf of
     the Feingold Petitioners.

By: _____     _____
     CAROL LEE, ESQ.                                     DATE
     Pillsbury Winthrop Shaw Pittman LLP
     31 West 52nd Street
     New York, New York 10019-6131
     (212) 858-1000
     *Attorneys for the Feingold Petitioners*

[SIGNATURES CONTINUE OF THE FOLLOWING PAGE]

12. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____         _____
    SAGAR K. RAVI                            DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2195

THE FEINGOLD PETITIONERS

By: _____         10/3/22
    DAVID FEINGOLD                           DATE
    Petitioner, Individually and on behalf of
    the Feingold Petitioners.

By: _____         _____
    CAROL LEE, ESQ.                          DATE
    Pillsbury Winthrop Shaw Pittman LLP
    31 West 52nd Street
    New York, New York 10019-6131
    (212) 858-1000
    *Attorneys for the Feingold Petitioners*

[SIGNATURES CONTINUE OF THE FOLLOWING PAGE]

8

12. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____                               _____
     SAGAR K. RAVI                                                                                    DATE
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     (212) 637-2195

THE FEINGOLD PETITIONERS

By: _____                               _____
     DAVID FEINGOLD                                                                              DATE
     Petitioner, Individually and on behalf of
     the Feingold Petitioners.

By: _____                               10/3/2022
     CAROL LEE, ESQ.                                                                              DATE
     Pillsbury Winthrop Shaw Pittman LLP
     31 West 52nd Street
     New York, New York 10019-6131
     (212) 858-1000
     *Attorneys for the Feingold Petitioners*

[SIGNATURES CONTINUE OF THE FOLLOWING PAGE]

KIM TUCKER

By: /s/ Kim Tucker                            10-3-22
     KIM TUCKER                                  DATE

By: /s/ Richard Finneran                 10-6-2022
     RICHARD E. FINNERAN, ESQ        DATE
     ANDREY SPEKTOR, ESQ.
     Bryan Cave Leighton Paisner LLP
     1290 Avenue of the Americas
     New York, New York 10104
     (212) 541-2000
     *Attorneys for the Kim Tucker Parties*

PAUL C. RAY

By: _____                 _____
     PAUL C. RAY                                  DATE
     *Pro Se* Third-Party Petitioner

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

9

KIM TUCKER

By: _____   _____
KIM TUCKER                                DATE

By: _____   _____
RICHARD E. FINNERAN, ESQ              DATE
ANDREY SPEKTOR, ESQ.
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
*Attorneys for the Kim Tucker Parties*

PAUL C. RAY

By: *(signature)*                         10-6-2022
PAUL C. RAY                              DATE
*Pro Se* Third-Party Petitioner

SO ORDERED:

*(signature)*                             Date: 10/7/2022
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

9