UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
SCOTT TUCKER and :
TIMOTHY MUIR, :
:
Petitioners, :  16 Cr. 91 (PKC)
:
- v. - :
:
UNITED STATES, :
Respondent. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE WAIVER
## (INFORMED CONSENT)

WHEREAS Defendants Scott Tucker and Timothy Muir ("Tucker" and "Muir," respectively, or together the "Defendants") have filed motions (the "Motions") pursuant to 28 U.S.C. § 2255 on the grounds, among others, that their former counsel, Thomas Bath, Esq., and Marc Agnifolo, Esq. (for Muir), and Paul Shechtman, Esq., Paula Junghans, Esq., Lee Ginsberg, Esq., James Roth, Esq., and Beverly Van Ness, Esq. (for Tucker) (together, "Prior Counsel") provided ineffective assistance of counsel in connection with pretrial proceedings, trial, and direct appeal;

WHEREAS the Government, after reviewing the motion papers, has concluded that Prior Counsel's testimony will be needed in order to allow the Government to respond to certain aspects of the Motions;

WHEREAS the Court, after reviewing the motion papers, is satisfied that Prior Counsel's testimony is needed in order to allow the Government to fully respond to the Motions;

1

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Prior Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*; and

WHEREAS by making the Motions, the Defendants have waived as a matter of law the attorney-client privilege with respect to the issues necessary to resolve their motions;

IT IS HEREBY ORDERED that Prior Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by the Defendants; and it is further

ORDERED that the Defendants execute and return to this Court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" forms. If Tucker or Muir does not return the form bearing their name to the Court within 60 days from today's date, the Court will deny their § 2255 motion on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to their motion; and it is further

ORDERED that the Government shall file an answer or other pleadings in response to the motion within 60 days of the date that all affidavits of Prior Counsel are made available to the Government.

Dated: New York, New York
      December ___, 2022

                                          HONORABLE P. KEVIN CASTEL
                                          UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                                 :

TIMOTHY MUIR,
        Petitioner,                        :

        - v. -                                :    16 Cr. 91 (PKC)

UNITED STATES,                            :

------------------------------------- x

## Attorney-Client Privilege Waiver (Informed Consent)

**To: Defendant Timothy Muir (Reg. No. 27904-031):**

      You have made a motion based, in part, on the ground that you received ineffective assistance from your former lawyers, Thomas Bath, Esq., and Marc Agnifolo, Esq. ("your former attorneys"). The Court has reviewed your papers and determined that it needs your former attorneys' testimony in order to evaluate your motion.

      By making this motion, you have waived the attorney-client privilege you had with Mr. Bath and Mr. Agnifolo to the extent relevant to determining your motion. This means that if you wish to press your motion, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an order directing Mr. Bath and Mr. Agnifolo to provide affidavits to the Government, which will then be filed with the Court. Additionally, the Government may discuss with Mr. Bath and Mr. Agnifolo communications between them and you regarding your criminal case and subsequent appeal, consistent with your waiver of the attorney-client privilege by making your motion. This Informed Consent form is designed to ensure that you fully understand and agree to this.

      If you wish to proceed with your motion, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorneys to disclose confidential communications: (1) in response to a Court order; and (2) to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

      You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about their representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorneys to testify in this matter.

1

You must return this form, signed by you, within 60 days of the date of the accompanying Order. If the Court does not receive this form, signed by you, within that time, the Court will automatically deny your motion.

## AUTHORIZATION

I have read the Court's Order dated December ___, 2022 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, Thomas Bath, Esq., and Marc Agnifolo, Esq., to testify in this matter pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____
Timothy Muir

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
SCOTT TUCKER,
           Petitioner,      :
:
   - v. -    :  16 Cr. 91 (PKC)
:
UNITED STATES,    :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Attorney-Client Privilege Waiver (Informed Consent)**

**To: Defendant Scott Tucker (Reg. No. 06133-045):**

    You have made a motion based, in part, on the ground that you received ineffective assistance from your former lawyers, Paul Shechtman, Esq., Paula Junghans, Esq., Lee Ginsberg, Esq., James Roth, Esq., and Beverly Van Ness, Esq. ("your former attorneys"). The Court has reviewed your papers and determined that it needs your former attorneys' testimony in order to evaluate your motion.

    By making this motion, you have waived the attorney-client privilege you had with Mr. Shechtman, Ms. Junghans, Mr. Ginsberg, Mr. Roth, and Ms. Van Ness to the extent relevant to determining your motion. This means that if you wish to press your motion, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an order directing Mr. Shechtman, Ms. Junghans, Mr. Ginsberg, Mr. Roth, and Ms. Van Ness to provide affidavits to the Government, which will then be filed with the Court. Additionally, the Government may discuss with Mr. Shechtman, Ms. Junghans, Mr. Ginsberg, Mr. Roth, and Ms. Van Ness communications between them and you regarding your criminal case and subsequent appeal, consistent with your waiver of the attorney-client privilege by making your motion. This Informed Consent form is designed to ensure that you fully understand and agree to this.

    If you wish to proceed with your motion, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorneys to disclose confidential communications: (1) in response to a Court order; and (2) to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

    You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about their representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorneys to testify in this matter.

You must return this form, signed by you, within 60 days of the date of the accompanying Order. If the Court does not receive this form, signed by you, within that time, the Court will automatically deny your motion.

## AUTHORIZATION

I have read the Court's Order dated December ___, 2022 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, Mr. Shechtman, Ms. Junghans, Mr. Ginsberg, Mr. Roth, and Ms. Van Ness, to testify in this matter pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____
Scott Tucker

4