UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| - v - | No. 16-CR-91 (PKC) |
| SCOTT TUCKER and TIMOTHY MUIR, | Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Comes now Defendant SCOTT TUCKER, by and through his attorneys Sarah Sherer-Kohlburn and Sherer Law Offices LLC and as for his Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release, respectfully states as follows:

1. Defendant Scott Tucker was sentenced on January 5, 2018 to 200 months confinement on Counts 1-9, and 12 months confinement on Counts 10-14, to run concurrently. He was also sentenced to 3 years of supervised release, a special assessment of $1,025.00 and a fine of $25,000.00.

2. Defendant Scott Tucker was remanded to the custody of the United States Marshal and began his sentence on January 5, 2018.

3. Between the time of the jury verdict on October 13, 2017 and sentencing on January 5, 2018, Defendant Scott Tucker was permitted to be on home confinement with electronic monitoring, indicating he was not considered a safety risk to himself or the community. He

1

completed this without issue.

4. Defendant Scott Tucker is currently housed at Yazoo FCC Satellite Work Camp. However, he served 51 of his 60 months incarcerated in a maximum custody unit in Leavenworth. For approximately 48 months of this time, the prison was on lockdown for nearly 24 hours a day due to COVID-19 and/or violence at the facility.

5. During his time in maximum custody, Scott Tucker witnessed several attacks and stabbings on inmates and guards, as well as drug overdoses. This type of violence is widely recognized and was the focus of the ACLU's report to President Biden and demand to end the use of private prisons. Scott Tucker was constantly afraid for his safety as he was one of the only defendants in this location who had been sentenced on a non-violent offense.

6. Defendant Scott Tucker is currently working in the education department teaching classes at Yazoo.

7. During his time in prison, Scott Tucker has mentored many inmates. See Exs. A (Declaration of Walter Thompson), B (Declaration of Sierra Thompson), C (Declaration of Albert Banks), D (Declaration of Anthony Thompson), E (Declaration of Jefferey Honeball), F (email from Sarge Francois) and G (email from Robert Williams).

8. Defendant Scott Tucker is 60 years old.

9. Defendant Scott Tucker has completed over 30% of his sentence.

10. Defendant Scott Tucker will be eligible for elderly release as of January 30, 2029, at which point he will have completed over 66% of his sentence.

11. Defendant Scott Tucker sent a request for Compassionate Release to the Assistant Warden of his facility on December 13, 2022 (Ex. H) and to the Warden of his facility on December 27, 2022 (Ex. I1 and I2). These requests have been denied. Therefore, Defendant Scott

Tucker has exhausted his administrative remedies and it has been more than 30 days since the Warden at Scott Tucker's current facility received such request.

12. Defendant Scott Tucker has been moved to a minimum-security facility, indicating he is not considered a safety risk.

13. Defendant Scott Tucker was not convicted of or sentenced on any violent offenses, nor does he have any violent offenses in his past.

14. There are extraordinary and compelling reasons for defendant Scott Tucker's release, pursuant to 18 U.S.C. § 3582(c)(1)(A) in that:

    a. Defendant Scott Tucker's mother, Norma Tucker, is extremely ill and has no one to care for her other than Mr. Tucker.

    b. Defendant Scott Tucker's mother, Norma Tucker, lives alone and cannot afford in-home care or to live at a nursing home.

    c. Defendant Scott Tucker's mother, Norma Tucker, has three sons, including Scott. One of her sons is deceased and the other is also incarcerated. She has no partner or other family who is able to care for her.

    d. Defendant Scott Tucker is extremely concerned that without someone to live with her and care for her, his mother will injure herself and be unable to receive assistance in time, leading to her death.

    e. Defendant Scott Tucker's grandmother passed away after a fall in her bathroom. Like his mother, she lived alone, and no one found that she had fallen for three days. He is concerned that something similar may happen to his mother if he is not able to be released to care for her.

    f. Defendant Scott Tucker's mother, Norma Tucker, has submitted a Declaration and

      her medical records regarding her health condition and needs as well as medical records documenting that she needs in home healthcare and assistance. Exs. J (Declaration of Norma Tucker) and K1-K2 (Norma Tucker Medical Records).

  g. Chris Becker and Sierra Thompson have submitted Declarations regarding Norma Tucker's health condition and her need for in-home assistance. Exs. B, (Declaration of Sierra Thompson) and L (Declaration of Chris Becker).

  h. Norma Tucker's doctors have advised that she is confined to her home and needs intermittent skilled nursing care. Ex. K2 (notes from 1/24/23).

  i. The proposed amendments to 18 USC § 3582 (c)(1)(a) would modify the current list of specified "Family Circumstances" that warrant compassionate release to specifically include situations such as this in which a defendant's parent is incapacitated and the defendant is the only available caregiver. This proposal to specify that this situation falls under the "family circumstances" warranting compassionate release indicates that the situation faced by Mr. Tucker is one intended to be considered for compassionate release under 18 USC § 3582 (c)(1)(a). See Proposed Amendments to the Sentencing Guidelines, January 12, 2023, p. 3 (Ex. O).

  j. This situation falls squarely within the proposed amendments to 18 USC § 3582 (c)(1)(a) and thus should be considered as reasons for compassionate release to be granted.

15. A Proposed Release Plan is attached hereto as Exhibit M.

16. Upon release, Defendant Scott Tucker has a place to live with his mother and secured employment through TJ Inc.

17. Defendant Scott Tucker will submit to any conditions placed upon his early release, including but not limited to house arrest and electronic monitoring.

WHEREFORE, Defendant Scott Tucker respectfully requests this Court enter an order:

A. Granting his motion for compassionate release and sentence reduction pursuant to 18 USC § 3582 (c)(1)(a);

B. Ordering that Defendant Scott Tucker be immediately released from confinement; and/or

C. For such other and further relief as this court finds just and necessary.

Respectfully submitted
SCOTT TUCKER, DEFENDANT

/s/ Sarah Sherer- Kohlburn
Sarah Sherer-Kohlburn
Sherer Law Offices LLC
517 St. Louis Street
Edwardsville, Illinois 62025
618/692-6656 – telephone
618/692-0810 – facsimile
sarah@shererlaw.com
NY Bar Number: 5240015
MO Bar Number: 68617
IL Bar Number: 6329282
**_Attorney for Defendant Scott Tucker_**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was electronically filed and served this 26 day of January, 2023, to the following counsel of record:

Sagar Kananur Ravi
U.S. Attorney's Office, SDNY
Sagar.ravi@usdoj.gov

Hagan Cordell Scotten
U.S. Attorney's Office, SDNY
Hagan.scotten@usdoj.gov

5

Niketh Varadaraj Velamoor
U.S. Attorney's Office, SDNY
Niketh.velamoor@usdoj.gov

David Wayne Braswell
Armstrong Teasdale
Attorney for Spirit Jets LLC
dbrawell@armstrongteasdale.com

Richard Finneran
Bryan Cave Leighton Paisner LLP
Attorney for Kim Tucker
Richard.finneran@bclplaw.com

Andrey Spektor
Bryan Cave Leighton Paisner LLP
Attorney for Kim Tucker
Andrey.spektor@bclplaw.com

Philip Greenfield
GM Law PC
Attorney for Dylan, Jagger Investment Co.
philg@gmlawpc.com

Carol Lee
Pillsbury, Winthrop, Shaw, Pittman LLP
Attorney for Dylan, Jagger Investment Co.
Carol.lee@pillsburylaw.com

Carrie Savage
GM Law PC
Attorney for Dylan, Jagger Investment Co.
carries@gmlawpc.com

William Silas Hackney
Smith and Associates
Attorney for Truman Arnold Companies
whackney@salawus.com

Clifford Katz
Platzer, Swergolf, Levine, Goldnber, Katz and Jaslow LLP
Attorney for Ferrari Financial Services Inc.
ckatz@platzerlaw.com

Seetha Ramachandran

Proskauer Rose LLP
Attorney for MoloLamken LLP
sramachandran@proskauer.com

                                                  /s/Sarah Sherer-Kohlburn