UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :
UNITED STATES OF AMERICA                                       :     **FINAL ORDER OF**
                                                               :     **FORFEITURE AS TO**
            -v.-                                               :     **SUBSTITUTE ASSETS**
                                                               :
SCOTT TUCKER,                                                  :
                                                               :     S1 16 Cr. 091 (PKC)
            Defendant.                                         :
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about June 9, 2021, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "First Substitute Asset Order") (D.E. 447) forfeiting, *inter alia*, all right, title and interest of the Defendant in the following assets that at the time were in the possession, custody, and control of the Monitor (the "FTC Monitor") appointed in an action brought by the Federal Trade Commission ("FTC") against the Defendant, among others, captioned *FTC v. AMG Services, Inc., et al.*, 12 Civ. 536 (GMN) (VCF), in the United States District Court of Nevada (the "FTC Action"):

a.  $181,315.75 in United States currency representing all rental income received by the FTC Monitor from the real property located at 269 Park Avenue, Aspen, CO 81611 (the "Aspen Property"), which was owned by Park 269, LLC and previously forfeited to the United States;

b.  $53,212.97 in United States currency representing all proceeds from the sale of home furnishings and personal property of the Aspen Property received by the FTC Monitor;

c.  $2,390,790 in United States currency representing all proceeds from the sale of equipment of Level 5 Motorsports, LLC received by the FTC Monitor;

d.  $80,000 in United States currency representing sale proceeds from microwave generators purchased by Thermex-Thermatron, LP from Eclipse Renewables Holdings LLC which were received by the FTC Monitor;

1

e.     $53,629.30 in United States currency received by the FTC Monitor representing all proceeds from the sale of home furnishings and personal property of 2405 W. 114th Street, Leawood, KS 66211 (the "Kansas Property"), which real property was previously forfeited to the United States;

f.     $162,0000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2012 Ferrari 458, VIN# ZFF71NXX000195603, owned by Defendant;

g.     $622,250 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2015 Ferrari 458 Speciale A, VIN# ZFF78VHA7F0213023, owned by Defendant;

h.     $20,000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2010 Land Rover Discovery, VIN# SALAM2D44AA513614, owned by Defendant;

i.     $259,390.98 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2015 Ferrari 458 Speciale A, VIN# ZFF75VFA0F0208869, owned by Defendant;

j.     $47,700 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2000 ERA 427 S/C Cobra, VIN# ERA563, owned by Defendant;

k.     $44,400 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1967 Ford Shelby GT500 Replica, VIN# 7T02S299329, owned by Defendant;

l.     $15,300 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1965 Ford Shelby GT350 R Replica, VIN# 5T09T165496, owned by Defendant;

m.     $35,600 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1963 Chevrolet Corvette Sting Ray LS2 Convertible Custom, VIN# 30867S119271, owned by Defendant;

n.     $8,000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1991 California Spider Fiberglass Replica Project, VIN# CA594954, owned by Defendant;

o.     $542,998.40 in United States currency representing the sale proceeds from the real property owned by Eclipse Renewables Holdings LLC located at 11150 Applewhite Road, San Antonio, Texas, which was received by the FTC Monitor as

a result of the interests of Black Creek Capital Corporation, AMG Capital Management, LLC, and Westfund LLC;

p. $4,111.56 in United States currency representing the sale proceeds of the real property located at 442 NW 1051st Road, Centerville, Missouri 64109, which was received by the FTC Monitor as a result of a promissory note held by Black Creek Capital Corporation;

q. $106,881.69 in United States currency representing the proceeds received by the FTC Monitor from the sale of the real property located at 100 Manning Street, Newark, Ohio, 43055 and 502 Maple Avenue, Newark, Ohio 43055, a recycling plant located in Licking County, Ohio, representing EVAS Investment LLC's interest (the "EVAS Asset");

r. $3,509.05 in United States currency representing returned legal fees received by the FTC Monitor from Matt Dykstra, Esq. related to Defendant's estate planning;

s. $103,138.20 received by the FTC Monitor and formerly on deposit in Country Club Bank Account Number x8282 in the name of Park 269 LLC, which held rental income from the Aspen Property;

t. $3,227 formerly on deposit in Evolve Bank & Trust Account Number 1012699524 held in the name of Westfund LLC received by the FTC Monitor;

u. $8,092.46 formerly on deposit in Evolve Bank & Trust Account Number 1012699540 held in the name of Black Creek Capital, LLC received by the FTC Monitor;

v. $25,000 formerly on deposit in Evolve Bank & Trust Account Number 1012699532 held in the name of BA Services, LLC received by the FTC Monitor;

w. $6,707.38 formerly on deposit in Evolve Bank & Trust Account Number 1012699482 held in the name of Defendant received by the FTC Monitor;

x. $112,139.08 formerly on deposit in Waddell & Reed Account Number 36199144 held in the name of Black Creek Capital, LLC received by the FTC Monitor;

y. $177,394.36 formerly on deposit in Waddell & Reed Account Number 36198916 held in the name of Westfund LLC received by the FTC Monitor;

z. $611,330.43 formerly on deposit in Waddell & Reed Account Number 36200535 held in the name of Defendant received by the FTC Monitor;

aa. $10,600.04 formerly on deposit in Morrill & Jones Bank Account Number 996801-397-8 held in the name N.M. Service Corp. received by the FTC Monitor;

bb. $117,950.71 formerly on deposit in Morrill & Jones Bank Account Number 996803-587-6 held in the name of BA Services, LLC received by the FTC Monitor;

cc. $29,195.19 formerly on deposit in Morrill & Jones Bank Account Number 996801-396-4 held in the name of Real Estate Capital Services LLC received by the FTC Monitor;

dd. $293.93 representing funds from AMEX Travel Related Service payable to BA Services, LLC received by the FTC Monitor;

ee. $224.00 representing funds from Tax Filing Service payable to BA Services, LLC received by the FTC Monitor;

ff. $350 representing funds from T. Fryatt payable to Westfund LLC received by the FTC Monitor;

gg. $37,500 representing funds from C3 Capital Partners payable to Black Creek Capital Corporation received by the FTC Monitor;

hh. $1,500 representing funds from Orangeman Limited payable to Defendant received by the FTC Monitor;

ii. $5.00 representing funds from the State of Wisconsin payable to Level 5 Motorsports, LLC received by the FTC Monitor;

jj. $2,253.19 representing funds from Brian N. Ham payable to Real Estate Capital Services LLC received by the FTC Monitor;

kk. $26,250 representing funds from German May payable to Westfund LLC received by the FTC Monitor;

ll. $46,378.55 representing loan payments owed to Westfund LLC from eProdigy which was received by the FTC Monitor;

mm. $64,400 representing loan payments from IV Xpress, Inc. d/b/a Infusion Express to the Defendant's Trust which were received by the FTC Monitor;

nn. $211,464.77 representing all mortgage payments made by Anita Finney to Black Creek Capital, LLC which were received by the FTC Monitor;

4

oo. $96,166.00 representing all loan payments from Team Property & Investment, LLC to Westfund LLC which were received by the FTC Monitor;

pp. $258,101.07 representing all loan payments from Team Property & Investment, LLC to Real Estate Capital Services LLC which were received by the FTC Monitor;

qq. $102,973.92 representing all loan payments from Team Property & Investment, LLC to Black Creek Capital Corporation which were received by the FTC Monitor;

rr. $1,320.63 representing payments made by Ralph E. Lewis, Esq. on behalf of Francis Cooke to Real Estate Capital Services LLC which were received by the FTC Monitor;

ss. $10,734.86 representing a medical plan refund payment from Humana to BA Services, LLC which was received by the FTC Monitor;

tt. $3,963,426.91 representing funds received by the FTC Monitor pursuant to a settlement agreement with Glenn Fisher and 5G Capital, LLC satisfying a loan provided by Westfund LLC to 5G Capital, LLC;

uu. $97,500 representing funds received by the FTC Monitor pursuant to a settlement agreement with Steven Lord resolving monies owed to Broadmoor Capital Partners, LLC;

vv. $185,000 representing funds received by the FTC Monitor from Eyecare Indiana II, P.C. pursuant to a settlement agreement resolving monies owed to Broadmoor Capital Partners, LLC;

ww. $3,100,000 representing funds received by the FTC Monitor from German May relating to monies owed to Westfund LLC (the "Westfund Asset");

xx. $10,000 representing funds received by the FTC Monitor from Homeowners Realty Partners, LLC resolving a promissory note held by EVAS Investments LLC 9th (the "HRP Asset");

yy. $255,000 representing funds received by the FTC Monitor from El Dorado Trailers, LLC resolving a Level 5 Motorsports, LLC interest in a vehicle transporter trailer;

zz. $1,262,039.29 representing funds received by the FTC Monitor from EyeVerify, LLC relating to Defendant's interest in EyeVerify, LLC (the "EyeVerify Asset");

aaa. $1,000,000 representing funds received by the FTC Monitor from Whamtech relating to monies owed to Black Creek Capital Corporation;

bbb. $425,000 representing funds received by the FTC Monitor from Sunway Hotel Group, LLC pursuant to a settlement agreement resolving Westfund LLC's interest in a hotel owned by Sunway Hotel Group;

ccc. Approximately $152,241.34 as of April 30, 2021 representing the interest accrued in the FTC Monitor's money market account ending in 6156 at Pacific Western Bank, which held the liquidated funds from assets of the Defendant;

ddd. All right, title and interest in real property located at 3850 N. 107th Street, Kansas City, Missouri, with all improvements, appurtenances, and attachments thereon owned by Westfund LLC;

eee. All right, title and interest in real property located between 408 East Elm and 402 East Elm, Polo, Missouri, with all improvements, appurtenances, and attachments thereon owned by Polo Real Estate Holding, LLC with the legal description of: The West Half of the Northwest Quarter of the Northeast Quarter of the Northwest Quarter of Section 27, Township 55, Range 28, Caldwell County, Missouri, less and except that part used for road purposes and EXCEPT THE FOLLOWING DESCRIBED TRACT OF LAND: Commencing at the Northeast corner of the West Half of the Northwest Quarter of the Northeast Quarter of the Northwest Quarter of Section Twenty-seven (27), Township Fifty-five (55), Ranger Twenty-eight (28), Caldwell County, Missouri; thence West 208.71 feet; thence South 208.71 feet; thence East 208.71 feet, thence North 208.71 feet to the point of commencement;

fff. $104,535.72 representing funds received by the FTC Monitor from Jerry Gottlieb pursuant to a settlement agreement resolving monies owed to Defendant (the "Gottlieb Asset");

ggg. $47,629.70 formerly on deposit in Country Club Bank Account Number x8808 held in the name of Kim C. Tucker Living Trust received by the FTC;

hhh. $39,168.70 formerly on deposit in Country Club Bank Account Number x7024 held in the name of Kim C. Tucker Living Trust received by the FTC Monitor;

iii. All right, title and interest in real property located at 6909 W. 129th Court, Overland Park, Kansas 66209 with all improvements, appurtenances, and attachments thereon held in the name of Lili G. Tucker (the "Overland Property");

jjj. All right, title and interest in real property located at 914 W. 131st Terrace, Kansas City, Missouri 64145 with all improvements, appurtenances, and attachments thereon held in the name of Kim Tucker Living Trust (the "Missouri Property"); and

    kkk.    John Hancock Life Insurance Company Policy No. 93073212 for the benefit of Kim Tucker in possession of the FTC Monitor (the "Life Insurance").

(a. through kkk., collectively, the "Initial Substitute Assets");

    WHEREAS, on or about October 7, 2022, the Court entered a Second Preliminary Order of Forfeiture as to Substitute Assets (the "Second Substitute Asset Order") (D.E. 490) forfeiting additional assets of the Defendant that were not included in the First Substitute Assets Order, which consist of the balance of deposits made by the Defendant to certain law firms as retainers for legal fees and expenses that were not incurred, which were subsequently transferred by those law firms to the FTC as part of the FTC Action:

    a.    $3,031,974.71 transferred from the trust account of Berkowitz Oliver LLP to the FTC on November 28, 2016;

    b.    $43,261.57 transferred from the trust account of Berkowitz Oliver LLP to the FTC on December 2, 2016;

    c.    $610.90 transferred from the trust account of Berkowitz Oliver LLP to the FTC on February 10, 2017;

    d.    $694,699.50 transferred from the trust account of Quinn Emanuel Urquhart & Sullivan, LLP to the FTC on November 29, 2016;

    e.    $6,932,610.05 transferred from the trust account of Zuckerman Spaeder, LLP to the FTC on November 30, 2016; and

    f.    $7,500 transferred from the trust account of Varnum, LLP on December 21, 2016;

(a. through f., collectively, the "Additional Substitute Assets," and together with the Initial Substitute Assets, the "Subject Property");

    WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and the requirement that any

person asserting a legal interest in the Subject Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Initial Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on June 22, 2021 for thirty (30) consecutive days, through July 21, 2021, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on June 26, 2025 (D.E. 544);

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Additional Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on October 13, 2022 for thirty (30) consecutive days, through November 11, 2022, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on June 26, 2025 (D.E. 545);

WHEREAS, on or about July 15, 2021, notice of the Preliminary Order of Forfeiture as to the Initial Substitute Assets was sent via email to the following:

> Richard E. Finneran, Esq.
> Bryan Cave Leighton Paisner L.L.P.
> One Metropolitan Square
> 211 North Broadway, Suite 3600
> St. Louis, MO 63102
> Email: Richard.Finneran@bclplaw.com
> *(Counsel for Kim Tucker)*
>
> Richard E. Finneran, Esq.
> Bryan Cave Leighton Paisner L.L.P.
> One Metropolitan Square
> 211 North Broadway, Suite 3600
> St. Louis, MO 63102
> Email: Richard.Finneran@bclplaw.com
> (Counsel for the Kim Tucker Living Trust)
>
> Richard E. Finneran, Esq.
> Bryan Cave Leighton Paisner L.L.P.
> One Metropolitan Square
> 211 North Broadway, Suite 3600
> St. Louis, MO 63102
> Email: Richard.Finneran@bclplaw.com
> (Counsel for Park 269. L.L.C.)
>
> Seetha Ramachandran, Esq.
> Proskauer Rose, L.L.P.
> Eleven Times Square
> New York, New York 10036
> Email: sramachandran@proskauer.com
> (Counsel for Mololamken, L.L.P.)

(collectively, the "Noticed Parties-1");

WHEREAS, on or about July 20, 2021, notice of the Preliminary Order of Forfeiture as to the Initial Substitute Assets was also sent via Certified Mail to the following parties:

Kim C. Tucker Living Trust
c/o Kim Tucker
Prairie Village, KS 66208

Kim Tucker
Prairie Village, KS 66208

Lili G. Tucker
Prairie Village, KS 66208

Park 269. L.L.C.
c/o Kim Tucker
Prairie Village, KS 66208

Polo Real Estate Holdings, LLC
c/o Agent Services, LTD
871 Coronado Center Drive, Suite 200
Henderson, NV 89052

Westfund LLC
c/o Glen Fisher
14712 Juniper Street,
Overland Park, KS 66224

Westfund LLC
c/o Glen Fisher
7500 College Boulevard, Suite 500
Overland Park, KS 66210

Westfund L.L.C.
c/o Agent Services, LTD
871 Coronado Center Drive, Suite 200
Henderson, NV 89052

(collectively with Noticed Parties-1, the "Noticed Parties");

WHEREAS, in or about July and August 2021, the Defendant's former wife, Kim Tucker, individually and on behalf of several entities, specifically, Kim C. Tucker Living Trust, AMG Capital Management, LLC; BA Services, LLC; Black Creek Capital Corporation; Black Creek Capital, LLC; Broadmoor Capital Partners, LLC; Eclipse Renewable Holdings LLC; Level 5 Motorsports, LLC; Park 269, LLC; N.M. Service Corp.;

Polo Real Estate Holding, LLC; Real Estate Capital Services LLC; and Westfund LLC (collectively, the "Kim Tucker Parties") filed petitions asserting an interest in, *inter alia*, the Subject Property (collectively, "the "Tucker Petitions")(D.E. 450, 463, 478);

WHEREAS, on or about August 20, 2021 Lili Tucker (together with the Kim Tucker Parties, the "Tucker Parties"), the Defendant's daughter, filed a third-party petition asserting an interest in the Overland Property (the "Lili Petition") (D.E. 472);

WHEREAS, on or about August 3, 2021, Mololamken LLP ("Mololamken") filed a Verified Petition asserting an intertest in the Initial Substitute Assets (the "Mololamken Petition")(D.E. 458);

WHEREAS, on or about August 23, 2021, Paul C. Ray ("Ray"), filed a Third-Party Petition asserting an interest in, *inter alia*, the Initial Substitute Assets (the "Ray Petition") (D.E. 476);

WHEREAS, on or about August 20, 2021, David Feingold, both individually and as Trustee for the David Feingold B. Trust dated February 1996, the Chad M. Feingold Grantor Trust #2 dated November 1999, and the Erika Feingold Grantor Trust #2 dated November 1999; Dylan Jagger Investment Co.; Homeowners Realty, LLC; UMR Building, LLC, United Material Recovery, LLC and EVAS Investments, LLC (collectively, the "Feingold Petitioners") filed a Verified Petition for an Ancillary Proceeding asserting an interest in the Subject Property (the "Feingold Petition") (D.E. 464);

WHEREAS, on or about November 9, 2021, the Court entered a Stipulation and Order wherein the Government agreed to resolve Mololamken's interest in the Initial

Case 1:16-cr-00091-PKC   Document 546-1   Filed 06/26/25   Page 12 of 19

Substitute Assets by disbursing $3,338,217.10 of the Initial Substitute Assets to Mololamken (the "Mololamken Payment")(D.E. 482);

WHEREAS, on or about October 7, 2023, the Court entered a Stipulation and Order resolving, *inter alia*, the Tucker Parties', Feingold Petitioners and Ray's interest in the EVAS Asset, the Westfund Asset, and the HRP Asset, the EyeVerify Asset, and the Gottlieb Asset (collectively, the "Subject Assets") by the Government transferring: (i) $686,417 of the Subject Assets to the Feingold Petitioners (the "Feingold Settlement"); (ii) $213,822.38 of the Subject Assets to Kim Tucker (the "Kim Tucker Parties' Settlement"); and (iii) $20,000 of the Subject Assets to Ray (the "Ray Settlement-1") (D.E. 489);

WHEREAS, on or about December 5, 2023, the Court entered a Stipulation and Order acknowledging the Tucker Parties' superior interest in the Missouri Property, the Life Insurance, and $2,572,435.62 in United States currency of the Subject Property (collectively, the "Tucker Parties' Settlement") and Paul C. Ray's superior interest in $650,000 of the Subject Property ("Ray Settlement-2")(D.E. 529) and dismissing the Tucker Parties and Ray's claims to the remaining Subject Property;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no additional petitions or claims, other than aforementioned Petitioners, to contest the forfeiture of the Subject Property have been filed;

WHEREAS, the Defendant and the Noticed parties are the only persons and/or entities known by the Government to have a potential interest the Subject Properties;

WHEREAS, following the Government effectuating the Mololamken Payment, the Feingold Settlement, the Kim Tucker Parties' Settlement, the Tucker Parties' Settlement,

12

the Ray Settlement-1, and the Ray Settlement-2, the remaining assets of the Subject Property are as follows:

 a. $181,315.75 in United States currency representing all rental income received by the FTC Monitor from the real property located at 269 Park Avenue, Aspen, CO 81611 (the "Aspen Property"), which was owned by Park 269, LLC and previously forfeited to the United States;

 b. $53,212.97 in United States currency representing all proceeds from the sale of home furnishings and personal property of the Aspen Property received by the FTC Monitor;

 c. $390,790 in United States currency representing all proceeds from the sale of equipment of Level 5 Motorsports, LLC received by the FTC Monitor;

 d. $80,000 in United States currency representing sale proceeds from microwave generators purchased by Thermex-Thermatron, LP from Eclipse Renewables Holdings LLC which were received by the FTC Monitor;

 e. $53,629.30 in United States currency received by the FTC Monitor representing all proceeds from the sale of home furnishings and personal property of 2405 W. 114th Street, Leawood, KS 66211, which real property was previously forfeited to the United States;

 f. $162,0000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2012 Ferrari 458, VIN# ZFF71NXX000195603, owned by Defendant;

 g. $622,250 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2015 Ferrari 458 Speciale A, VIN# ZFF78VHA7F0213023, owned by Defendant;

 h. $20,000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2010 Land Rover Discovery, VIN# SALAM2D44AA513614, owned by Defendant;

 i. $259,390.98 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2015 Ferrari 458 Speciale A, VIN# ZFF75VFA0F0208869, owned by Defendant;

 j. $47,700 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 2000 ERA 427 S/C Cobra, VIN# ERA563, owned by Defendant;

k.  $44,400 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1967 Ford Shelby GT500 Replica, VIN# 7T02S299329, owned by Defendant;

l.  $15,300 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1965 Ford Shelby GT350 R Replica, VIN# 5T09T165496, owned by Defendant;

m.  $35,600 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1963 Chevrolet Corvette Sting Ray LS2 Convertible Custom, VIN# 30867S119271, owned by Defendant;

n.  $8,000 in United States currency representing the proceeds received by the FTC Monitor from the sale of a 1991 California Spider Fiberglass Replica Project, VIN# CA594954, owned by Defendant;

o.  $542,998.40 in United States currency representing the sale proceeds from the real property owned by Eclipse Renewables Holdings LLC located at 11150 Applewhite Road, San Antonio, Texas, which was received by the FTC Monitor as a result of the interests of Black Creek Capital Corporation, AMG Capital Management, LLC, and Westfund LLC;

p.  $4,111.56 in United States currency representing the sale proceeds of the real property located at 442 NW 1051st Road, Centerville, Missouri 64109, which was received by the FTC Monitor as a result of a promissory note held by Black Creek Capital Corporation;

q.  $106,881.69 in United States currency representing the proceeds received by the FTC Monitor from the sale of the real property located at 100 Manning Street, Newark, Ohio, 43055 and 502 Maple Avenue, Newark, Ohio 43055, a recycling plant located in Licking County, Ohio, representing EVAS Investment LLC's interest;

r.  $3,509.05 in United States currency representing returned legal fees received by the FTC Monitor from Matt Dykstra, Esq. related to Defendant's estate planning;

s.  $103,138.20 received by the FTC Monitor and formerly on deposit in Country Club Bank Account Number x8282 in the name of Park 269 LLC, which held rental income from the Aspen Property;

t.  $3,227 formerly on deposit in Evolve Bank & Trust Account Number 1012699524 held in the name of Westfund LLC received by the FTC Monitor;

14

u.     $8,092.46 formerly on deposit in Evolve Bank & Trust Account Number 1012699540 held in the name of Black Creek Capital, LLC received by the FTC Monitor;

v.     $25,000 formerly on deposit in Evolve Bank & Trust Account Number 1012699532 held in the name of BA Services, LLC received by the FTC Monitor;

w.     $6,707.38 formerly on deposit in Evolve Bank & Trust Account Number 1012699482 held in the name of Defendant received by the FTC Monitor;

x.     $112,139.08 formerly on deposit in Waddell & Reed Account Number 36199144 held in the name of Black Creek Capital, LLC received by the FTC Monitor;

y.     $177,394.36 formerly on deposit in Waddell & Reed Account Number 36198916 held in the name of Westfund LLC received by the FTC Monitor;

z.     $611,330.43 formerly on deposit in Waddell & Reed Account Number 36200535 held in the name of Defendant received by the FTC Monitor;

aa.     $10,600.04 formerly on deposit in Morrill & Jones Bank Account Number 996801-397-8 held in the name N.M. Service Corp. received by the FTC Monitor;

bb.     $117,950.71 formerly on deposit in Morrill & Jones Bank Account Number 996803-587-6 held in the name of BA Services, LLC received by the FTC Monitor;

cc.     $29,195.19 formerly on deposit in Morrill & Jones Bank Account Number 996801-396-4 held in the name of Real Estate Capital Services LLC received by the FTC Monitor;

dd.     $293.93 representing funds from AMEX Travel Related Service payable to BA Services, LLC received by the FTC Monitor;

ee.     $224.00 representing funds from Tax Filing Service payable to BA Services, LLC received by the FTC Monitor;

ff.     $350 representing funds from T. Fryatt payable to Westfund LLC received by the FTC Monitor;

gg.     $37,500 representing funds from C3 Capital Partners payable to Black Creek Capital Corporation received by the FTC Monitor;

hh.     $1,500 representing funds from Orangeman Limited payable to Defendant received by the FTC Monitor;

ii. $5.00 representing funds from the State of Wisconsin payable to Level 5 Motorsports, LLC received by the FTC Monitor;

jj. $2,253.19 representing funds from Brian N. Ham payable to Real Estate Capital Services LLC received by the FTC Monitor;

kk. $26,250 representing funds from German May payable to Westfund LLC received by the FTC Monitor;

ll. $46,378.55 representing loan payments owed to Westfund LLC from eProdigy which was received by the FTC Monitor;

mm. $64,400 representing loan payments from IV Xpress, Inc. d/b/a Infusion Express to the Defendant's Trust which were received by the FTC Monitor;

nn. $211,464.77 representing all mortgage payments made by Anita Finney to Black Creek Capital, LLC which were received by the FTC Monitor;

oo. $96,166.00 representing all loan payments from Team Property & Investment, LLC to Westfund LLC which were received by the FTC Monitor;

pp. $258,101.07 representing all loan payments from Team Property & Investment, LLC to Real Estate Capital Services LLC which were received by the FTC Monitor;

qq. $102,973.92 representing all loan payments from Team Property & Investment, LLC to Black Creek Capital Corporation which were received by the FTC Monitor;

rr. $1,320.63 representing payments made by Ralph E. Lewis, Esq. on behalf of Francis Cooke to Real Estate Capital Services LLC which were received by the FTC Monitor;

ss. $10,734.86 representing a medical plan refund payment from Humana to BA Services, LLC which was received by the FTC Monitor;

tt. $1,963,426.91 representing funds received by the FTC Monitor pursuant to a settlement agreement with Glenn Fisher and 5G Capital, LLC satisfying a loan provided by Westfund LLC to 5G Capital, LLC;

uu. $97,500 representing funds received by the FTC Monitor pursuant to a settlement agreement with Steven Lord resolving monies owed to Broadmoor Capital Partners, LLC;

16

vv. $185,000 representing funds received by the FTC Monitor from Eyecare Indiana II, P.C. pursuant to a settlement agreement resolving monies owed to Broadmoor Capital Partners, LLC;

ww. $179,760.62 representing funds received by the FTC Monitor from German May relating to monies owed to Westfund LLC;

xx. $10,000 representing funds received by the FTC Monitor from Homeowners Realty Partners, LLC resolving a promissory note held by EVAS Investments LLC 9th;

yy. $255,000 representing funds received by the FTC Monitor from El Dorado Trailers, LLC resolving a Level 5 Motorsports, LLC interest in a vehicle transporter trailer;

zz. $837,898.44 representing funds received by the FTC Monitor from EyeVerify, LLC relating to Defendant's interest in EyeVerify, LLC;

aaa. $1,000,000 representing funds received by the FTC Monitor from Whamtech relating to monies owed to Black Creek Capital Corporation;

bbb. $425,000 representing funds received by the FTC Monitor from Sunway Hotel Group, LLC pursuant to a settlement agreement resolving Westfund LLC's interest in a hotel owned by Sunway Hotel Group;

ccc. $173,569.52 representing the interest accrued in the FTC Monitor's money market account ending in 6156 at Pacific Western Bank, which held the liquidated funds from assets of the Defendant;

ddd. All right, title and interest in real property located at 3850 N. 107th Street, Kansas City, Missouri, with all improvements, appurtenances, and attachments thereon owned by Westfund LLC;

eee. All right, title and interest in real property located between 408 East Elm and 402 East Elm, Polo, Missouri, with all improvements, appurtenances, and attachments thereon owned by Polo Real Estate Holding, LLC with the legal description of: The West Half of the Northwest Quarter of the Northeast Quarter of the Northwest Quarter of Section 27, Township 55, Range 28, Caldwell County, Missouri, less and except that part used for road purposes and EXCEPT THE FOLLOWING DESCRIBED TRACT OF LAND: Commencing at the Northeast corner of the West Half of the Northwest Quarter of the Northeast Quarter of the Northwest Quarter of Section Twenty-seven (27), Township Fifty-five (55), Ranger Twenty-eight (28), Caldwell County, Missouri; thence West 208.71 feet; thence South 208.71 feet; thence East 208.71 feet, thence North 208.71 feet to the point of commencement;

fff.  $104,535.72 representing funds received by the FTC Monitor from Jerry Gottlieb pursuant to a settlement agreement resolving monies owed to Defendant;

ggg.  $47,629.70 formerly on deposit in Country Club Bank Account Number x8808 held in the name of Kim C. Tucker Living Trust received by the FTC;

hhh.  $39,168.70 formerly on deposit in Country Club Bank Account Number x7024 held in the name of Kim C. Tucker Living Trust received by the FTC Monitor;

iii.  All right, title and interest in real property located at 6909 W. 129th Court, Overland Park, Kansas 66209 with all improvements, appurtenances, and attachments thereon held in the name of Lili G. Tucker;

jjj.  $3,031,974.71 transferred from the trust account of Berkowitz Oliver LLP to the FTC on November 28, 2016;

kkk.  $43,261.57 transferred from the trust account of Berkowitz Oliver LLP to the FTC on December 2, 2016;

lll.  $610.90 transferred from the trust account of Berkowitz Oliver LLP to the FTC on February 10, 2017;

mmm.  $694,699.50 transferred from the trust account of Quinn Emanuel Urquhart & Sullivan, LLP to the FTC on November 29, 2016;

nnn.  $3,710,174.43 transferred from the trust account of Zuckerman Spaeder, LLP to the FTC on November 30, 2016; and

ooo.  $7,500 transferred from the trust account of Varnum, LLP on December 21, 2016;

(a. through ooo., collectively, the "Forfeited Property"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited Forfeited Property following the Court's disposition of any filed claim or if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title, and interest in the Forfeited Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Forfeited Property.

3. The United Department of Treasury (or its designee) shall take possession of the Forfeited Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h). *Letter motion (ECF 546) should be terminated.*

Dated: New York, New York
       June ___, 2025
       *July 2*

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK