UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

16-cr-91 (PKC)

-against-

ORDER

SCOTT TUCKER,

Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

An Opinion and Order of August 28, 2024 denied Scott Tucker's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and separately denied his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). (ECF 530.) The Second Circuit issued a certificate of appealability and affirmed. (ECF 557.) The Mandate issued on June 25, 2026. (Id.)

While Tucker's appeal was sub judice, he filed a motion seeking an indicative ruling as to whether this Court, if it regained jurisdiction, would vacate his sentence pursuant to Rule 60(b)(6), Fed. R. Civ. P., based on the failure of his section 2255 counsel to identify grounds for relief using the form described in Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "2255 Rules"). (ECF 535.) The government responded. (ECF 540.)

This Court regained jurisdiction after the mandate issued. Tucker has not filed an application seeking vacatur of his sentence pursuant to Rule 60(b)(6). To the extent that the motion sought an indicative ruling, it is now moot.

Construed as a motion for relief under Rule 60(b)(6), Tucker's application is denied. Rule 60(b)(6) allows for relief from a final judgment, order or proceeding for "any other reason that justifies relief." "It is a grand reservoir of equitable power to do justice in a particular case. But that reservoir is not bottomless. Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that extraordinary circumstances warrant relief." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quotation marks and internal citation omitted).

"To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (quotation marks and internal citations omitted). "[A] Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." Id.

Tucker urges that counsel on his section 2255 petition "functionally abandoned" him by failing to complete the form described at Rule 2(c) of the 2255 Rules.[1] Rule 2(b) requires a section 2255 motion to specify all grounds for relief available, state the supporting facts for each ground and the relief requested, and requires that the submission be legible and

[1] See https://www.uscourts.gov/file/27805/download

signed. Rule 2(c) requires that "[t]he motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

Tucker argues that the privately retained attorney who filed his section 2255 motion, Sarah Sherer-Kohlburn, "was beyond ineffective" by filing a notice of motion instead of the form prescribed by Rule 2(c). (ECF 535 at 2.) Tucker argues that if a Rule 2(c) form had been filed, Sherer-Kohlburn would have more clearly identified an argument directed toward the claimed ineffectiveness of his appellate counsel, Beverly Van Ness. (Id.) Tucker argues that by failing to file a Rule 2(c) form, Sherer-Kohlburn "abandoned her client by performing only part of the task for which she was retained." (Id.)

Sherer-Kohlburn filed a notice of appearance on Tucker's behalf, a notice of motion for section 2255 relief, a supporting memorandum, and a separate motion for sentencing reduction with a supporting memorandum. (ECF 483, 486, 487, 504, 515.) She then moved to withdraw, stating that she would no longer be practicing law. (ECF 518.) Benjamin Adam Silverman then filed a notice of appearance on Tucker's behalf (ECF 519) and the Court granted Sherer-Kohlburn's motion to withdraw (ECF 522). Silverman filed a reply brief. (ECF 527.)

Tucker's moving brief was 25 pages in length and annexed approximately 136 pages of exhibits. (ECF 487.) The reply was 36 pages and annexed additional exhibits. (ECF 527.) The Court's Opinion and Order denying the motion was 63 pages, approximately 45 of which addressed Tucker's arguments, with the remainder addressing those of his co-defendant. (ECF 530.)

Tucker's moving brief made only passing reference to Van Ness, noting that she acted as appellate counsel and was present at trial. (ECF 487 at 5.) His reply argued for the first

time that Van Ness performed ineffectively by failing to raise on direct appeal the claimed denial of his choice of counsel.[2] (ECF 527 at 26-27.) The Court concluded:

> In his reply memorandum, Tucker asserts for the first time that Van Ness performed ineffectively as appellate counsel because she did not appeal any aspect of the Curcio hearing or Ginsberg's potential conflicts. The Court in the exercise of discretion declines to reach the merits of this constitutional claim raised for the first time in Tucker's reply brief. If the Court did reach the claim, it would conclude that Tucker's appellate counsel made the strategic choice to fully develop Tucker's arguments concerning the state of mind requirement and the Court's instructions to the jury.

(ECF 530 at 45.)

Tucker has not demonstrated that Sherer-Kohlburn's failure to set forth grounds for relief using a Rule 2(c) form is an extraordinary circumstance that warrants Rule 60(b)(6) relief. Sherer-Kohlburn raised complex, detailed and thorough arguments on his behalf. Her performance was nowhere close to the physical or constructive disappearance required for Rule 60(b)(6) relief. Harris, 367 F.3d at 81. And even if counsel had used a Rule 2(c) form, the opening brief contained no suggestion that Van Ness's performance as appellate counsel was ineffective. There is no support for Tucker's current assertion that Sherer-Kohlburn "failed to make that allegation clearly enough for the Court to understand, thus leading the Court to conclude that she didn't raise it all . . . ." (ECF 535 at 2.)

Tucker's motion for relief pursuant to Rule 60(b)(6) is DENIED. The Clerk is directed to terminate the motion. (ECF 535.)

[2] The reply brief disingenuously asserted that the moving brief "allege[d] ineffective assistance to all of Mr. Tucker's counsel." (ECF 527 at 27.) In fact, the passages cited in support argued that counsel could have sought mandamus or interlocutory review after Tucker was purportedly denied his choice of counsel due to the asset freeze order entered in the District of Nevada and that trial counsel should have contemporaneously objected to certain jury instructions. (ECF 487 at 14, 19.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 30, 2026